UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA
AND THE STATE OF FLORIDA,
ex rel. ROBERT V. SMITH,

    *Qui Tam* Plaintiff,

v.                            CASE NO.: 3:20-cv-03678/MCR/EMT

JAY A. ODOM; OKALOOSA
COUNTY, BOARD OF COUNTY
COMMISSIONERS,

    Defendants.

_____

**PLAINTIFF'S RESPONSE TO MARCH 15, 2021 ORDER**
_____

    **NOW INTO COURT**, comes Plaintiff, United States of America and the State of Florida, *ex rel*. Robert V. Smith ("Smith"), by and through his undersigned counsel, files this Response to the Court's March 15, 2021 Order and to Show Cause Why Seal on the Amended Complaint is Proper.  In support thereof, Plaintiff, Smith states as follows:

    1.    On February 26, 2021, Plaintiff filed an Unopposed Motion for Extension of time to File Amended Complaint ("Motion to Extend").  The Motion to Extend was made in good faith and not for purposes of delay.

2. On March 1, 2021, the Court granted Plaintiff's Motion to Extend. As a result, Plaintiff's Amended Complaint was due to be filed on or before March 12, 2021.

3. On March 12, 2021, Plaintiff filed his Amended Complaint under seal.

4. On March 15, 2021, the Court entered an Order requiring Plaintiff to "advise the Court as to whether the Complaint should be stayed and/or remain under seal for 60 days pursuant to Florida law or otherwise show cause why the seal on the Amended Complaint is proper at this stage of the proceedings."

5. Plaintiff's Amended Complaint added the State of Florida as a party. Plaintiff has served the sealed Amended Complaint on the State of Florida pursuant to the Florida False Claims Act. § 68.083(3), Fla. Stat.

6. A complaint filed pursuant to the Florida False Claims Act is filed under seal. §§ 68.083(2), (5), Fla. Stat. While under seal, the State of Florida has time to investigate the allegations contained in the sealed Amended Complaint and determine whether to intervene in this action. § 68.083(3), Fla. Stat. ("The department, or the Department of Financial Services under the circumstances specified in subsection (4), may elect to intervene and proceed with the action, on behalf of the state, within 60 days after it receives both the complaint and the material evidence and information."). Moreover, the State of Florida may, for good

cause shown, request the Court to extend the time during which the Amended Complaint remains under seal pursuant to §68.083(2).  § 68.083(5), Fla. Stat.

7. Because the State of Florida was added a party and is allowed time to investigate and to decide whether to intervene, the Amended Complaint is properly sealed pursuant to the Florida False Claims Act.  §§ 68.083(2), (5); *see also United States ex rel. Klusmeier v. Bell Constructors, Inc.*, No. 08-80442-CIV, 2009 WL 10667472, at *1 (S.D. Fla. Nov. 17, 2009), *aff'd sub nom*. *Klusmeier v. Bell Constructors, Inc.*, 469 F. App'x 718 (11th Cir. 2012) (granting motion to file First Amended Complaint under seal and serve the State of Florida where First Amended Complaint included additional allegations as well as a claim for violation of the Florida False Claims Act).

8. In addition, because the Amended Complaint contains substantive new claims and additional allegations, retaining the Amended Complaint under seal will allow the United States an opportunity to review and consider whether intervention is appropriate. *See*, *United States ex rel. Davis v. Prince*, 766 F. Supp. 2d 679, 684-85 (E. D. Va. 2011) (holding the statutory requirement that "complaint" be filed under seal also applied to amended complaints and thus requires full compliance with Section 3730(b), including re-sealing the complaint, but determining relator's complaint did not substantially differ from original complaint rendering sealing

requirement moot);[1] *see also*, *United States v. Lincare Holdings, Inc.*, No. 10-21094-CIV, 2014 WL 11860706, at *3–4 (S.D. Fla. Mar. 26, 2014) (noting holding in *Davis v. Prince* but holding that Defendants were not entitled, as a matter of law, to dismissal of the Relators' Second Amended Complaint for failure to file that pleading under seal); *United States ex rel. Saldivar v. Fresenius Medical Care Holdings. Inc.*, 2013 U.S. Dist. LEXIS 136970 (N.D. Ga. Sept. 17, 2013) (discussing division among district courts regarding the application of Section 3730(b)(2) to amended complaints but finding no statutory bar to proceed, despite fact that relator's third amended complaint not filed under seal).

9.　　Because the Amended Complaint added the State of Florida as a party pursuant to the Florida False Claim Act and contains substantive new claims and additional allegations from the original Complaint, the Amended Complaint should remain sealed pursuant to Florida law and federal law.

---

[1]　　*But see*, *United States ex rel. Milam v. Regents of the Univ. of Cal.*, 912 F. Supp. 868, 890 (D. Md. 1995) (court found no requirement that amended complaint be filed under seal); *United States ex rel. Branch Consultants, LLC v. Allstate Ins.*, 668 F. Supp. 2d 780, 803 (E.D. La. 2009) (rejecting argument that FCA sealing requirement was jurisdictional or that it applied to amended complaints, noting that the amended complaint "alleges the same type of fraudulent conduct as the original complaint"); *Wisz ex rel. United States v. C/HCA Dev., Inc.*, 31 F. Supp. 2d 1068 (N.D. Ill. 1998) (rejecting argument that statute's sealing requirements apply to subsequently filed complaints, and finding that FCA sealing requirements are procedural and not jurisdictional).

WHEREFORE, Plaintiff, Smith respectfully requests that this Court continue to maintain the Amended Complaint under seal until the State of Florida and the United States have an opportunity to investigate and consider whether to intervene pursuant to the federal False Claims Act and the Florida False Claims Act.

Respectfully submitted this 22nd day of March, 2021.

/s/ *Amelia H. Beard*
**AMELIA H. BEARD**
Florida Bar No. 84286
**MICHAEL J. SCHOFIELD**
Florida Bar No. 373656
**ELIZABETH C. BILLHIMER**
Florida Bar No. 0121986
CLARK PARTINGTON
1414 County Highway 283S, Ste. B.
Santa Rosa Beach, Florida 32459
(850) 650-3304 telephone
(850) 650-3305 facsimile
abeard@clarkpartington.com
mschofield@clarkpartington.com
ebillhimer@clarkpartington.com
wlemon@clarkpartington.com
*Attorneys for Robert V. Smith*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by electronic mail via the Court's transmission of the Notice of Electronic Filing to the following, this 22nd day of March, 2021:

A. BENJAMIN GORDON, III, ESQUIRE
Anchors Gordon, P.A.
2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, FL 32547
(850) 863-1974
(850) 863-1591 Facsimile
bgordon@anchorsgordon.com
cyndi@anchorsgordon.com

SARAH WILBANKS, ESQUIRE
NATHANIEL H. HUNT, ESQUIRE
PETER J. KIRSCH, ESQUIRE
Kaplan Kirsch & Rockwell LLP
1675 Broadway, Suite 2300
Denver, CO 80202
(303) 825-7029
(303) 825-7005 Facsimile
swilbanks@kaplankirsch.com
nhunt@kaplankirsch.com
pkirsch@kaplankirsch.com
**COUNSEL FOR DEFENDANT**
**JAY A. ODOM**

GREGORY T. STEWART, ESQUIRE
LYNN M. HOSHIHARA, ESQUIRE
KERRY A. PARSONS, ESQUIRE
Nabors, Giblin & Nickerson, P.A.
1500 Mahan Drive, Suite 200
Tallahassee, Florida 32308
(850) 224-4070
(850) 224-4073 Facsimile
gstewart@ngnlaw.com
lhoshihara@ngnlaw.com
kparsons@ngnlaw.com
legal-admin@ngnlaw.com
<u>**COUNSEL FOR DEFENDANT**</u>
<u>**OKALOOSA COUNTY, BOARD OF COUNTY COMMISSIONERS**</u>

**And by email to**
DAVID M. SOBOTKIN, ESQUIRE
Trial Attorney
U.S. Department of Justice
Civil Division, Fraud Section
Post Office Box 261
Ben Franklin Station
Washington, D.C. 20044
(202) 353-1291
David.m.sobotkin@usdoj.gov
**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**And by regular U.S. mail to the State of Florida**
ASHLEY MOODY, ATTORNEY GENERAL
Office of the Attorney General
State of Florida
PL-01 The Capitol
Tallahassee, FL  32399-1050

And

JIMMY PATRONIS, Chief Financial Officer
Florida Department of Financial Services
200 East Gaines Street
Tallahassee, FL  32399


                                          */s/ Amelia H. Beard*
                                          **AMELIA H. BEARD**