UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,
*ex rel.* ROBERT V. SMITH,

    Plaintiff,

v.                                            Case No. 3:20cv3678/MCR/EMT

JAY A. ODOM and OKALOOSA COUNTY,
BOARD OF COMMISSIONERS,

    Defendants.
_____/

## DEFENDANT JAY A. ODOM'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

Pursuant to Federal Rule of Evidence 201, Defendant Jay A. Odom ("Odom") respectfully requests that this Court take judicial notice of the following documents,[1] attached as exhibits to this motion and in support of Odom's Motion to Dismiss:

Exhibit A:   Tom McLaughlin, *Turbulence at Destin Airport: County looks at possible 'anti-trust violations,'* Northwest Florida Daily News (Mar. 29, 2014), https://www.nwfdailynews.com/article/20140329/NEWS/303299993, Am. Compl. ¶ 134.

Exhibit B:   FAA, Order 5190.6B, *Airport Compliance Manual*, Chapter 8 Exclusive Rights (Sept. 30, 2009), https://www.faa.gov/airports/resources/publications/orders/complianc e_5190_6/media/5190_6b_chap8.pdf; Am. Compl. ¶¶ 25, 38-40.

---

[1] Where applicable, Defendant will include the reference to the Amended Complaint and paragraph as "Am. Compl. ¶ ___."

Exhibit C:   FAA, *Q&As – FBO Industry Consolidation and Pricing Practices* (Dec. 7, 2017), https://www.faa.gov/airports/airport_compliance/media/QAs-FBO-Consolidation-Pricing-final.pdf; Am. Compl. ¶¶ 95-96.

Exhibit D:   Okaloosa County Board of County Commissioners Agenda -Request (Mar. 3, 2015), https://onbase.okaloosaclerk.com/pubappnet/Login.aspx; Am. Compl. ¶¶ 83-86.

Exhibit E:   E-mail from Rebecca Henry, FAA Orlando Airports District Office, to Mike Stenson, Deputy Director Okaloosa County Airports (Apr. 8, 2013, 07:44 CST); Am. Compl. ¶ 64.

Exhibit F:   E-mail from Deandra Brooks, FAA Orlando Airports District Office, to Mike Stenson, Deputy Director Okaloosa County Airports (Sept. 11, 2014, 11:55 CST).

Exhibit G:   Letter from Sterling Diversified, LLC, to Sunil Harman, Okaloosa County Director of Airports (Apr. 8, 2014).

Exhibit H:   First Amendment to Amended and Restated Lease Agreement for Fixed Base Operator Destin/Ft. Walton Beach Airport and Agreement of the Parties (Mar. 19, 2013).

Exhibit I:   Agreement, Okaloosa County and Miracle Strip Aviation ("MSA") re: purchase of MSA by Regal Capital LLC (Mar. 19, 2013); Am. Compl. ¶¶ 63.

Exhibit J:   Curt Epstein, *Destin Airport Works to Resolve Possible FBO Anti-Trust Violation*, Aviation International News (May 8, 2014), https://www.ainonline.com/aviation-news/aviation-international-news/2014-05-08/destin-airport-works-resolve-possible-fbo-antitrust-violation.

Exhibit K:   Compilation of Public Records Requests to Okaloosa County by Relator.

## ARGUMENT

Under Rule 201 of the Federal Rules of Evidence, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

For purposes of Rule 12(b)(6) review, and particularly relevant to the public disclosure analysis in False Claims Act cases, a district court may consider extrinsic documents that are central to the plaintiff's claim and documents that are judicially noticed.  *United States ex rel. Osheroff v. Humana Inc.,* 776 F.3d 805, 811 (11th Cir. 2015); *see also Jacobs v. Bank of Am. Corp.,* No. 1:15-CV-24585-UU, 2017 WL 2361943, at *4 (S.D. Fla. Mar. 21, 2017), *on reconsideration*, No. 1:15-CV-24585-UU, 2017 WL 2361944 (S.D. Fla. Apr. 27, 2017).  "In the FCA context, courts may take judicial notice of documents such as newspaper articles and information on publicly available websites . . . ." *United States ex rel. Bernier v. InfiLaw Corp.*, 311 F. Supp. 3d 1288, 1291 (M.D. Fla. 2018).

Notably, the State of Florida's public record laws are very broad.  "It is the policy of this state that all state, county, and municipal records are open for personal inspection and copying by any person.  Providing access to public records is a duty

of each agency." Fla. Stat. § 119.01(1).  Absent an exemption, records held by the County are public records.  *See* Chapter 119, Fla. Stat.  Indeed, this Court has taken judicial notice of minutes of city council meetings.  *See Ladies Mem'l Ass'n, Inc. v. City of Pensacola, Fla.,* No. 3:20CV5681-MCR-EMT, 2020 WL 5237742, at *2 n.5 (N.D. Fla. Sept. 2, 2020).

Here, Odom has attached as Defendants' Exhibits A through J the publicly disclosed documents that form the basis of Relator's allegations, including documents in the possession of the County.  Odom respectfully requests that the Court take judicial notice of the above-referenced documents "for the limited purpose of determining which statements the documents contain."  *Osheroff*, 776 F.3d at 811 n.4.

Dated September 28, 2022

    Respectfully Submitted,

    *Counsel for Jay A. Odom*

    <u>*A. Benjamin Gordon*</u>
    **A. Benjamin Gordon, III**
    Florida Bar No. 528617
    AnchorsGordon, P.A.
    2113 Lewis Turner Blvd., Suite 100
    Fort Walton Beach, Florida 32547
    Phone: (850) 863-1974
    Fax: (850) 863-1591
    Email:    bgordon@anchorsgordon.com
                cyndi@anchorsgordon.com

and

*By: /s/ Peter J. Kirsch*
Peter J. Kirsch
Sarah Wilbanks
Nathaniel Hunt
KAPLAN KIRSCH & ROCKWELL LLP
1675 Broadway, Suite 2300
Denver, CO 80202
(303) 825-7000
(303) 825-7005 Facsimile
pkirsch@kaplankirsch.com
swilbanks@kaplankirsch.com
nhunt@kaplankirsch.com
*Co-counsel for Defendant Jay Odom*
*Appearing Pro Hac Vice*

## CERTIFICATE OF SERVICE

I CERTIFY that a that a true and correct copy of the foregoing has been electronically filed on the CM/ECF system for the Northern District of Florida, which will send notification of such filing to the following attorneys of record: Mark Davis, Clark Partington, 125 East Intendencia Street, Pensacola, Florida 32591-3010, and Elizabeth Billhimer, Clark Partington, 4100 Legendary Drive, Suite 200, Destin, Florida 32541, attorneys for Relator; and to Lynn Hoshihara, Nabors Giblin & Nickerson, P.A., 1500 Mahan Drive, Suite 200, Tallahassee, Florida 32308, attorneys for Okaloosa County, and to David M. Sobotkin, U.S. Department of Justice, Commercial Litigation Branch, 175 N. Street, NE, Washington, DC 20002, attorney for the United States of America, this 28th day of September, 2022.

*A. Benjamin Gordon*

**A. Benjamin Gordon, III**
Florida Bar No. 528617
AnchorsGordon, P.A.
2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, Florida 32547
Phone: (850) 863-1974
Fax: (850) 863-1591
Email:      bgordon@anchorsgordon.com

cyndi@anchorsgordon.com

and

*By: /s/ Peter J. Kirsch*
Peter J. Kirsch
Sarah Wilbanks
Nathaniel Hunt
KAPLAN KIRSCH & ROCKWELL LLP
1675 Broadway, Suite 2300
Denver, CO 80202
(303) 825-7000
(303) 825-7005 Facsimile
pkirsch@kaplankirsch.com
swilbanks@kaplankirsch.com
nhunt@kaplankirsch.com
*Co-counsel for Defendant Jay Odom*