


EXHIBIT
D

# BOARD OF COUNTY COMMISSIONERS
# AGENDA REQUEST

**DATE:**          March 3, 2015
**TO:**            Honorable Chairman and Members of the Board
**FROM:**        Sunil Harman
**SUBJECT:**    Proposed Settlement Agreement with mitigation terms for Destin Jet to operate both FBO locations
**DEPARTMENT:**   Airport
**BCC DISTRICT:**   All

---

**STATEMENT OF ISSUE:** The Board is requested to approve proposed amendments to the current lease agreements with the two FBOs, Destin Jet and Regal Air Destin, to allow Destin Jet to assume the Regal Air Destin lease as amended and operate both FBO locations under the Destin Jet brand at DTS. The Department of Airports staff and the County Attorney negotiated the lease amendments as a settlement with the FBO operators to resolve ongoing lease compliance issues and declining airport revenues. The amendments were negotiated with terms in exchange for assurance that the current Regal Air Destin purpose built FBO terminal and leasehold will continue to be operated for that use only, an increase in fuel flowage fees paid to the County and accelerated repayment of Regal Air Destin's debt.

**BACKGROUND:** Over the last year, concerns have been raised regarding the viability of sustaining two FBOs at the Destin Airport due to declining fuel sales due to downturn in general aviation activity; resultant losses of airport revenues and compliance with existing lease agreements.

The following is a summary of the negotiated settlement proposal:

County agrees to authorize Destin Jet and Regal Air to operate under common ownership and brand with the following conditions:

    a.   Destin Jet and Regal Air agree to increase its fuel flowage to $.075 cents per gallon from $0.05 and $0.06 per gallon respectively.

    b.   Regal Air agrees to pay $50,000 towards the balance owed to the County for the assumption of Miracle Strip Aviation's past due lease payments and the remaining balance over a 24 month period, rather than a sixty (60) month period as originally agreed to by Regal Capital, LLC.

    c.   Regal Air agrees to remove all "Regal Air" signage and operate the two FBO locations as a single brand, Destin Jet.

    d.   County agrees to extend the Destin Jet lease from February 24, 2044 to April 14, 2049. The language in the lease allowed for a 20 year lease and a 20 year extension which was to begin from the Date of Beneficial Occupancy which was April 15, 2009 and ending April 14, 2049.  The lease effective date is February

26, 2004 and expires on February 26, 2044.  This will correct an error in the original agreement.

To enable and adopt the negotiated settlement terms the Board is being presented with the following lease amendments for approval:

1) EXHIBIT A - Amendment Number 4 to Lease Agreement L04-0233-AP20-93 with Destin Jet, LLC, for Fixed Base Operator Destin/Ft. Walton Beach (DTS)

2) EXHIBIT B - First Amendment to amended and restated lease agreement L97-101-AP with Regal Air Destin for Fixed Base Operator Destin/Ft. Walton Beach (DTS).

**OPTIONS:** Approve, reject or table.

**RECOMMENDATIONS:** Staff recommends that the Board approve the negotiated settlement agreement by approving and authorizing the Chairman to execute the lease amendments as provided.

**RECOMMENDED BY:**  Sunil Harman, Airports Director          2/2/2015

**APPROVED BY:**  John Hofstad, County Administrator          2/11/2015

**John Hofstad, County Administrator**

**From:**      Lori Fox
**To:**        Roland Sims
**Subject:**   FW: 2-17 BCC Item Coordination - RE: Letter RE Lease Addendums from Jay Odom
**Date:**      Tuesday, February 10, 2015 4:36:12 PM

Lori A. Fox
Okaloosa County Airports
1701 State Road 85 N
Eglin AFB, FL 32542
(850) 651-7160 ext. 4

Northwest Florida Regional Airport (VPS)  .  Destin/Ft. Walton Beach Airport (DTS)  .  Bob Sikes Airport (CEW)

Please consider the environment before printing this email.

Please note:  Due to Florida's very broad public records laws, most written communications to or from County employees regarding County business are public records available to the public and media upon request.  Therefore, this written email communication including your email address, may be subject to public disclosure.

-----Original Message-----
From: Greg Stewart
Sent: Tuesday, February 10, 2015 12:33 PM
To: Tracy Stage; Lynn Hoshihara
Cc: Sunil Harman; Lori Fox; Wendy Cain
Subject: RE: 2-17 BCC Item Coordination - RE: Letter RE Lease Addendums from Jay Odom

The agenda item summary is acceptable.

Gregory T. Stewart
County Attorney
Okaloosa County, Florida

Please note: Due to Florida's very broad public records laws, most written communications to or from County employees regarding County business are public records, available to the public and media upon request.  Therefore, this written e-mail communication, including your e-mail address, may be subject to public disclosure.

_____
From: Tracy Stage
Sent: Monday, February 09, 2015 11:43 AM
To: Greg Stewart; Lynn Hoshihara
Cc: Sunil Harman; Lori Fox; Wendy Cain
Subject: 2-17 BCC Item Coordination - RE: Letter RE Lease Addendums from Jay Odom

Hello Greg, Lynn,

As you know, we have uploaded the Destin Jet Lease agenda item (attached) in Minute Traq. Could you please reply with an approval as "Attorney Reviewed" for coordination purposes. We will upload your coordination reply to the

Minute Traq item for the Feb 17th BCC mtg.

Thank you,
Tracy Stage, A.A.E.
Deputy Director
Okaloosa County Airports
(850) 651-7160 Ext. 4
http://www.flyvps.com<http://www.flyvps.com/>


From: Sunil Harman
Sent: Thursday, January 15, 2015 12:33 PM
To: Greg Stewart; Lynn Hoshihara
Cc: John Hofstad; Tracy Stage; Mike Stenson
Subject: FW: Letter RE Lease Addendums from Jay Odom

Good morning Greg and Lynn,

Attached herewith please find the referenced letter and signed lease addendums from Mr. Odom with notice of
severance of any linkage with Vertol. As the window of opportunity initially agreed to in leveraging concessions
from Vertol has long since passed, I am inclined to accept that we treat Destin Jet's operation of Regal Air as a
single FBO and Vertol's Operating Agreement separately as there is still a net benefit to the County by moving
forward with the FBO lease addendums.

I will await your opinion on how we should proceed as litigation appears to the only other option.

Thanks,


Sunil Harman A.A.E., IAP
Director of Airports, Okaloosa County
1701 State Road 85 North
Eglin AFB, FL  32542-1498
850-651-7160 ext. 4
 [cid:image001.jpg@01D0445D.A68648D0]
 Northwest Florida Regional Airport (VPS)     Destin Airport (DTS)     Crestview / Bob Sikes Airport  (CEW)


"Please note:  Due to Florida's very broad public records laws, most written communication to or from County
 employees regarding County business are public records, available to the public upon request.  Therefore, this
 written e-mail communication, including your e-mail address, may be subject to public disclosure."



From: Sarah Burgess [mailto:sburgess@crystalbeachdevelopment.com]
Sent: Thursday, January 15, 2015 11:49 AM
To: Sunil Harman
Cc: Tracy Stage; manchors@kaglawfirm.com<mailto:manchors@kaglawfirm.com>; Larry Keefe
Subject: Letter RE Lease Addendums from Jay odom

Good Morning, Mr. Harman:

Attached, please find correspondence from Mr. Odom which includes the exhibits as described.  The originally
 signed addendums (3 originals of each) will be delivered to your office today.

Sincerely,

Sarah Burgess
Assistant to Jay Odom
850-654-4126, Ext. 113
[cid:image002.jpg@01D0445D.A68648D0]
Mailing: PO Box 1735, Destin, FL 32540
Physical: 4652 Gulfstarr Drive, Destin, FL 32541

CONFIDENTIALITY NOTICE:  The information contained in this e-mail message is privileged and confidential information intended only for the use of the individual(s) named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited.  If you have received this communication in error, please contact the sender by reply e-mail and destroy all copies of the original message.  Thank you

Packet Pg. 368

January 15, 2015

Sunil Harman, A.A.E., IAP
Okaloosa County Director of Airports
1701 State Road 85N
Eglin Air Force Base, FL 32542-1413


RE:  Destin Airport

Dear Mr. Harman:

I am in receipt of the final versions of the amendments to the Destin Jet (DJ) lease, Exhibit A, the Regal Air Destin (RAD) lease, Exhibit B, and the Operating Agreement for Vertol Systems Company, Inc., Exhibit C.

These are the versions that came back from the County attorney's office with their changes subsequent to our agreement on all the operational terms, fee increases, term corrections and operational hours.  It had taken us about nine months to work through all the issues with the leases, the FAA and the County's rules and regulations to finalize what you sent to the attorneys.  Even though we didn't agree on things in the beginning, you and your staff worked diligently and professionally with me to arrive at a resolution to every issue.  I respect and appreciate your expertise on the issues facing the County in their aviation businesses and airport operations.  Your extensive knowledge has been a major factor in my agreement of the increased fees you requested that I pay to help offset what the County has to do to make it possible for me to run my business at the Destin Airport.

The lease modifications we agreed to make it a win-win deal for the long-term financial viability of the airport, which makes it an investment I am whole-heartedly willing to invest more money in.  As you know, I have over $10M invested at the Destin Airport and with the lease amendments we have agreed to, I feel secure in investing even more money in the coming years.

The revisions made by the County attorneys to the DJ and RAD lease amendments are not what I would have preferred, but I have agreed to and accepted them as written.  I have executed both addendums, and these documents are attached (3 signed originals of each addendum will be hand delivered to your office today).  I am prepared to begin the new 50% increase in fuel flowage structure you proposed in the lease addendums, as well as the $50,000.00 accelerated payment on the past due lease payments inherited from MSA as soon as I receive the fully executed lease addendums back from the County.

As to the Vertol Operating Agreement, the major operational changes made by the County attorneys are not workable.  Vertol originally agreed to the voluntary night time curfew; even though it required more time, effort and money for Vertol to implement this, they were willing to do it.  But the requirements put in the Operating Agreement by the County attorneys, requiring a complete prohibition to helicopter operations on the north ramp at the Destin Airport, are not workable.  Vertol has invested millions of dollars at the north end of the Destin Airport, and a requirement to move to the south end will require building complete new facilities.  This is a financial burden that Vertol cannot take on, as we discussed before agreeing to the night time curfew.

Vertol obtained their lease approval by the County many years ago and spent millions of dollars based on this lease.  It is not reasonable after this many years to now ask Vertol to move and spend this money again to duplicate what they already have.

Packet Pg. 369

I can no longer negotiate on behalf of Vertol.  All future dealings on Vertol's Operating Agreement will need to be directly with Vertol.

Because there is nothing common between the DJ and RAD lease amendments and Vertol's helicopter operations, this will allow us to execute the DJ and RAD lease amendments and the County lawyers can continue to work with Vertol to finalize whatever they need.

Again, my thanks to you and your staff for the friendly and professional work on all these issues.  It has been a pleasure working with you, and I look forward to a long, prosperous relationship with you, your staff and the County.

Please feel free to call me if you have any further discussion or questions on these issues.  I look forward to receiving the fully executed lease amendments.

Sincerely,

Jay Odom

PO Box 1735
Destin, FL 32540
(850) 654-4126
jodom@crystalbeachdevelopment.com

Packet Pg. 370

# EXHIBIT A

## AMENDMENT NO. 4 TO LEASE AGREEMENT
## FOR FIXED BASE OPERATOR DESTIN/FT. WALTON BEACH AIRPORT

## LEASE # L04-0233-AP20-93

Packet Pg. 371

## AMENDMENT NO. 4 TO LEASE AGREEMENT
## FOR FIXED BASE OPERATOR DESTIN/FT. WALTON BEACH AIRPORT

### LEASE # L04-0233-AP20-93

This AMENDMENT NO. 4 made and entered into this ___ day of _____, 2015 (the "Effective Date"), amends the Lease Agreement For Fixed Base Operator Destin/Ft. Walton Beach Airport, dated February 26, 2004, as subsequently amended, by and between **Okaloosa County, Florida**, a political subdivision of the State of Florida **(the "County")** and **Destin Jet, LLC, (the "Operator").**

WHEREAS, on or about February 26, 2004, the County and Operator entered into a Lease Agreement for Fixed Base Operator Destin/Ft. Walton Beach Airport (the "Lease Agreement"); and

WHEREAS, the Lease Agreement was subsequently amended by the First Amendment to Lease Agreement on December 4, 2007, by Amendment No. 2 to the Lease Agreement on November 20, 2008, and by the Third Amendment to Lease Agreement on February 3, 2009; and

WHEREAS, fuel sales data has demonstrated the Airport can only sustain a single Fixed Base Operator, the County has determined that this Amendment will not have any anti-competitive results; and

WHEREAS, the County and Operator desire to make additional modifications, clarifications and corrections to the Lease Agreement and amendments thereto.

NOW, THEREFORE, in consideration of the covenants, agreements and promises contained herein and other good and valuable consideration, receipt of which is hereby acknowledged, the County and Operator agree as follows:

1. <u>Consent of the County.</u> The County hereby consents to Destin Jet, LLC and Regal Air Destin, LLC coordinating together to provide any and all aeronautical services required of the Fixed Based Operators (FBOs), including but not limited to compliance with the County's Minimum Standards for Full-Service Fixed Base Operations and Specialty Service Operations (the "Minimum Standards"). The County will not regard it as breach of the Minimum Standards so long as each entity continues to provide FBO services; and further, so long as collectively all the Minimum Standards are satisfied. Nothing contained herein shall be construed as permission to conduct any commercial activity or venture exclusive of other operators.

2. Article V 'TERM' of the Lease Agreement is hereby deleted in its entirety and the following language hereby replaces the language in Article V of the Lease Agreement:

ARTICLE V
TERM

<u>The term of this Agreement shall commence at midnight on February 26, 2004 (the "commencement date") and shall continue for a period of forty (40) years (which period</u>

1

Packet Pg. 372

consists of the original 20 year term plus the exercised option for an additional 20 years) from the Date of Beneficial Occupancy, defined as April 15, 2009, and shall expire at midnight on April 14, 2049.

3.  Article VI, Section 1.C of the Lease Agreement is hereby deleted in its entirety.

4.  Article VI, Section 1.E. of the Lease Agreement is hereby deleted in its entirety and replaced with the following:

    ARTICLE VI, 1.E.
    A fuel flowage fee (currently $0.075 per gallon) shall be collected and remitted for all fuel sold or delivered to all persons and entities and used in aircraft, including fuel for aircraft used, leased, owned or otherwise operated by Destin Jet or its affiliates.  No fuel flowage fee shall be collected on fuel sales to military aircraft or carriers with agreements with the County, or who pay landing fees to the County.  The County may adjust the fuel flowage fee.  However, under no circumstance will the fuel flowage fee be adjusted prior to five (5) years from the Effective Date of the Amendment No. 4 to Lease Agreement for Fixed Base Operator Destin/Ft. Walton Beach Airport and Agreement of the Parties.

5.  Article XXIX of the Lease Agreement is hereby deleted in its entirety.

6.  All other provisions of the Lease Agreement as subsequently amended shall remain in full force and effect.

This Amendment No. 4 to Lease Agreement for Fixed Base Operator Destin/Ft. Walton Beach Airport shall become effective upon execution by all parties and said date shall be entered into this Amendment above as the Effective Date.

**IN WITNESS WHEREOF,** the parties hereto have caused these presents to be executed on the day and year first hereinabove written.

Approved as to form:                          **OKALOOSA COUNTY, FLORIDA**

By:_____         _____
Gregory T. Stewart, County Attorney          Nathan D. Boyles, Chairman
                                             Board of County Commissioners

ATTEST:                                      Date: _____

_____
JD Peacock II
Interim Clerk

Packet Pg. 373

**DESTIN JET, LLC**

**By:  DJFO, LLC, as Managing Member of Destin Jet, LLC**

By: _____

    Jay Ødom, Managing Member of
    DJFO, LLC

Date: _____

Witnesses:

_____
Signature

_____
Print Name

_____
Signature

_____
Print Name

3

Packet Pg. 374

# EXHIBIT B

## FIRST AMENDMENT TO AMENDED AND RESTATED LEASE AGREEMENT FOR FIXED BASE OPERATOR DESTIN/ FT. WALTON BEACH AIRPORT AND AGREEMENT OF THE PARTIES

### LEASE # L79-101-AP

Packet Pg. 375

**FIRST AMENDMENT TO AMENDED AND RESTATED LEASE
AGREEMENT FOR FIXED BASE OPERATOR DESTIN/
FT. WALTON BEACH AIRPORT AND AGREEMENT OF THE PARTIES**

**LEASE # L79-101-AP**

THIS FIRST AMENDMENT TO AMENDED AND RESTATED LEASE
AGREEMENT FOR FIXED BASED OPERATOR DESTIN/FORT WALTON BEACH
AIRPORT dated March 19, 2013 and all subsequent amendments, assignments and subleases
thereto, is made and entered into this ___ day of _____, 2015 (the 'Effective Date'), by and
between **OKALOOSA COUNTY, FLORIDA** (the "County") and **REGAL AIR DESTIN,
LLC** (the "Regal Air").

WHEREAS, on or about June 23, 1998, the County and Miracle Strip Aviation, Inc. (the
"MSA") entered into a Lease and Operating Agreement, which was subsequently amended by
Amendment No. 1 to the Lease on or about August 5, 2003; and

WHEREAS, on or about March 19, 2013, the County and MSA entered into an Amended
and Restated Lease Agreement for Fixed Base Operator Destin/Ft. Walton Beach Airport (the
"Lease Agreement"), which is attached hereto as EXHIBIT A and incorporated herein; and

WHEREAS, on or about June 6, 2013, the Lease Agreement was assigned from MSA to
Regal Air with the consent and approval of Okaloosa County; and

WHEREAS, fuel sales data has demonstrated the Airport can only sustain a single Fixed
Base Operator, the County has determined that this Amendment will not have any anti-
competitive results.

NOW, THEREFORE, in consideration of the promises contained herein and other good
and valuable consideration, receipt of which is hereby acknowledged, the parties agree as
follows:

1. <u>Consent of the County.</u> The County hereby consents to Destin Jet, LLC and Regal Air
   Destin, LLC coordinating together to provide any and all aeronautical services required
   of the Fixed Based Operators (FBOs), including but not limited to compliance with the
   County's Minimum Standards for Full-Service Fixed Base Operations and Specialty
   Service Operations (the "Minimum Standards"). The County will not regard it as breach
   of the Minimum Standards so long as each entity continues to provide FBO services; and
   further, so long as collectively all the Minimum Standards are satisfied. Nothing
   contained herein shall be construed as permission to conduct any commercial activity or
   venture exclusive of other operators.

2. <u>Accelerated Payoff of Miracle Strip Aviation's Debt.</u> At the time the Lease Agreement
   was transferred from MSA to Regal Air, Regal Air agreed to assume MSA's lease
   payment debt to the County totaling $485,382.00. As of December 2, 2014, the current
   principal balance due on this debt is $172,452.19. Regal Air agrees to make a $50,000.00
   principal reduction to the remaining debt within ten (10) days of the Effective Date of

1

Packet Pg. 376

this Agreement.  Regal Air further agrees to accelerate payment of the remainder of the balance due, which shall be paid to the County in 24 equal monthly installments of principal and interest.  The monthly installments shall begin thirty (30) days after the Effective Date of this First Amendment to Amended and Restated Lease Agreement for Fixed Base Operator Destin/Ft. Walton Beach Airport and Agreement of the Parties. Interest shall continue to accumulate at a rate of 4% on the unpaid balance due until paid in full.

3.  Article VII, Section 1.C. of the Lease Agreement is hereby deleted in its entirety.

4.  Article VII, Section 1.E. of the Lease Agreement is hereby deleted in its entirety and replaced with the following:

ARTICLE VII, 1.E.
A fuel flowage fee (currently $0.075 per gallon) shall be collected and remitted for all fuel sold or delivered to all persons and entities and used in aircraft, including fuel for aircraft used, leased, owned or otherwise operated by Regal Air or its affiliates.  No fuel flowage fee shall be collected on fuel sales to military aircraft or carriers with agreements with the County, or who pay landing fees to the County.  The County may adjust the fuel flowage fee.  However, under no circumstances will the fuel flowage fee be adjusted prior to five (5) years from the Effective Date of this Agreement.

5.  Article VII, Section 2.B. 'Adjustments to Fuel Fee:' of the Lease Agreement is hereby deleted in its entirety and replaced with the following:

ARTICLE VII, 2.B. Adjustments to Fuel Fee:  The County reserves the right to adjust the fuel flowage fees commencing October 1, 2004, and every five years thereafter, using a Market Based analysis by an independent consultant.

The fuel flowage fee shall be increased or decreased by a percentage amount equal to the percentage increase or decrease in the Market Analysis for the previous five (5) years. Said adjustment shall be made six months after the analysis is completed and accepted by the County.  This adjustment to the fuel flowage fee would apply to all operators/lessees at the Destin/Ft. Walton Beach Airport except where no fuel flowage fee is applicable per Article VII, Section 1.E. herein.

6.  Regal Air agrees to replace all "Regal Air" signage with "Destin Jet South" signage.

7.  All other provisions of the Lease Agreement and subsequent amendments, assignments and subleases thereto shall remain in full force and effect.

The Amendment shall become effective upon execution by all parties and said date shall be entered into this Amendment above as the Effective Date.

Packet Pg. 377

**IN WITNESS WHEREOF,** the parties hereto have caused these presents to be executed on the day and year first hereinabove written.

Approved as to form:

OKALOOSA COUNTY, FLORIDA

By:_____
Gregory T. Stewart, County Attorney

_____
Nathan D. Boyles, Chairman
Board of County Commissioners

ATTEST:

Date: _____

_____
JD Peacock II
Interim Clerk

**REGAL AIR DESTIN, LLC**

By:  Regal Capital, LLC, as Managing
Member of Regal Air Destin, LLC

By:  Sterling Diversified, LLC, as Managing
Member of Regal Capital, LLC

By:_____
    Jay Odom, Managing Member of
    Sterling Diversified, LLC

Witnesses:

_____
Signature

*Sarah J Burgess*
Print Name

_____
Signature

*DONNA OLSEN*
Print Name

Date: _____ JAN 14, 2015 _____

3

Packet Pg. 378

**EXHIBIT C**

**OPERATING AGREEMENT FOR COMMERCIAL BUSINESS ACTIVITIES BETWEEN
OKALOOSA COUNTY, FLORIDA AND VERTOL SYSTEMS COMPANY, INC.
AND VERTOL RELATED ENTITIES AT OKALOOSA COUNTY AIRPORTS**

Packet Pg. 379

OPERATING AGREEMENT FOR COMMERCIAL BUSINESS ACTIVITIES BETWEEN
OKALOOSA COUNTY, FLORIDA AND VERTOL SYSTEMS COMPANY, INC.
AND VERTOL RELATED ENTITIES AT OKALOOSA COUNTY AIRPORTS

This OPERATING AGREEMENT FOR COMMERCIAL BUSINESS ACTIVITIES (the "Operating Agreement") fully executed this _____ day of _____, ~~2014~~2015, by and between **OKALOOSA COUNTY, FLORIDA,** a political subdivision of the State of Florida, acting by and through its BOARD OF COUNTY COMMISSIONERS (the **"COUNTY")** and **VERTOL SYSTEMS COMPANY, INC., AND RELATED VERTOL ENTITIES, INCLUDING BUT NOT LIMITED TO VSC AIRCRAFT MAINTENANCE, LLC** (collectively the **"OPERATOR"),**

[Formatted: Font: Bold]
[Formatted: Font: Not Bold]
[Formatted: Font: Not Bold]
[Formatted: Font: Not Bold]
[Formatted: Font: Not Bold]

WHEREAS, County and Destin Jet, LLC ("Destin Jet") entered into a 40-year lease agreement for the real property located at Destin/Fort Walton Beach Airport ("Destin Airport") dated February 26, 2004, as subsequently amended (the "Primary Lease Agreement"); and

WHEREAS, pursuant to the Primary Lease Agreement, Destin Jet had the right to sublease hangar sites ~~to~~upon written consent of ~~the public for 40-year terms;~~County; and

WHEREAS, Destin Jet subleased a portion of the Destin Airport property to Operator, as set forth in that agreement known as the Destin Jet Hangar Purchase and Sublease of Leasehold Interest dated June 9, 2011 between Destin Jet and Operator (the "Sublease Agreement"); and

WHEREAS, County and Miracle Strip Aviation, Inc. entered into a lease agreement, dated June 23, 1998, which was subsequently assigned from Miracle Strip Aviation to Regal Air Destin on or about June 6, 2013; and

WHEREAS, ~~County acknowledges that VSC Aircraft Maintenance, LLC~~Operator and Regal Air Destin entered into a Sublease Agreement, dated June 4, 2013, ~~for a term which expires on June 4, 2043;~~; and

[Formatted: No underline]
[Formatted: No underline]
[Formatted: No underline]
[Formatted: No underline]

WHEREAS, ~~County acknowledges that Vertol System Company, Inc.~~Operator and Crestview Hangar #51, LLC entered into an agreement to sublease property at Bob Sikes Airport, dated October 10, 2008 ~~that terminates July 19, 2046;~~; and

[Formatted: No underline]
[Formatted: No underline]
[Formatted: No underline]
[Formatted: No underline]
[Formatted: No underline]

WHEREAS, County and Operator desire to enter into this Operating Agreement to clarify and confirm certain terms regarding the Operator's operations at the County Airports~~.~~;

NOW, THEREFORE, County and Operator enter into this Operating Agreement in consideration of the mutual promises contained herein and other good and valuable consideration, receipt of which is hereby acknowledged, and agree as follows:

1

Packet Pg. 380

1. **TERM.** This Operating Agreement shall run for a term commensurate with that set forth in the Primary Lease Agreement and the Sublease Agreement with Destin Jet, LLC, unless earlier terminated as provided herein.

~~1.~~2. **PERMITTED ACTIVITIES.** OPERATOR may only conduct FAA and County approved commercial and non-commercial aviation-related activities ~~, including~~, which may include military and non-military government-related contract helicopter training and maintenance. ~~This Operating Agreement~~Such activities shall ~~apply~~be conducted within the area of County ~~approved operations of Operator or any of its related entities on~~Airport property specifically approved ~~airport property in Okaloosa County~~for such activities as depicted on Exhibit A.

3. **INDEMNIFICATION AND HOLD HARMLESS.** OPERATOR shall, to the fullest extent permitted by law, indemnify and hold harmless the COUNTY, its officers and employees from any claims, liabilities, damages, losses, and costs including but not limited to reasonable attorneys' fees, to the extent caused by negligence, recklessness, or intentional, wrongful conduct of OPERATOR and other persons employed or utilized by OPERATOR in the performance of this OPERATING AGREEMENT.

4. **INSURANCE.** OPERATOR shall comply with all insurance requirements pursuant to the Minimum Standards for Full-Service Fixed Based Operations and Special Service Operations ("Minimum Standards") set forth in the Primary Lease Agreement, attached hereto as Attachment 1.

5. **COMPLIANCE WITH RULES AND REGULATIONS.** OPERATOR shall comply with all Airport rules and regulations and all applicable federal ~~and~~, state ~~laws.~~, and local rules and regulations. OPERATOR shall comply with ~~such local rules and regulations existing at the time of execution of this Operating Agreement, which are attached hereto as Attachment 2, including specifically~~rules and regulations as set forth in ~~the provision of the~~approved Minimum Standards ~~that address~~and Operating Policy for Okaloosa County general aviation airports, most specifically for fueling of aircraft by private owners. ~~Any local ordinances, rules, regulations or minimum standards which become effective following the execution of this~~The Minimum Standards are attached and incorporated herein as Attachment 1 and the Operating ~~Agreement will not affect the parties' rights or obligations hereunder~~Policy is attached and incorporated herein as Attachment 2. Further, this Agreement is subject to FAA grant assurances and shall comply with all applicable Federal laws, regulations, executive orders, policies, guidelines, and requirements as they relate to the application, acceptance and use of Federal funds.

6. **ANNUAL FEE.** OPERATOR shall pay to COUNTY TWO THOUSAND DOLLARS ($2,000.00) immediately upon execution of this Agreement and annually on the first day of October for its operations at the Destin/Ft. Walton Beach Airport and Bob Sikes Airport. Payment shall be payable to Okaloosa County, by direct wire transfer or deposit.

7. **OPERATIONAL PROCEDURES.** OPERATOR shall immediately comply with the operational procedures established herein to ensure community compatibility and minimize noise impacts to residential areas.

2

Packet Pg. 381

a.  Effective immediately, upon approval of this agreement, OPERATOR shall ~~be prohibited~~comply with a Noise Compatibility Curfew. which prohibits OPERATOR from conducting any rotorcraft or rotary-wing aircraft run-ups and operations (i.e., shall not run engines) within the Destin ~~Jet's~~Jet north leasehold between the hours of 10:30 p.m. and 8:00 a.m., seven days a week, 365 days per year.

b.  While the Noise Compatibility Curfew is in effect OPERATOR shall only conduct rotorcraft or rotary-wing aircraft run-ups and operations from the Regal Air Destin South Ramp by positing and retrieving helicopters by tow to and from that location.

> **Formatted:** Indent: Left: 0"

c.  Upon final completion and commissioning of the Taxiway A engine run-up ramp by the COUNTY, OPERATOR shall conduct all rotorcraft or rotary-wing aircraft run-ups and operations at the Regal Air Destin South Ramp only and shall refrain from conducting such activity at any other location of DTS at any time of the day.

d.  OPERATOR may conduct any rotorcraft or rotary-wing aircraft run-ups and operations ~~such operations~~ without any limitations, including hours of operation, within its leasehold and at any other areas ~~of~~approved by the ~~Destin Airport or the~~COUNTY at Bob Sikes Airport. ~~Attached~~

e.  Upon completion and operation of the Air Traffic Control Tower, OPERATOR shall comply with all operational procedures as ~~Attachment 3 is a depiction of these areas.~~ developed and approved with the FAA for safety and noise compatibility purposes.

> **Formatted:** Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Indent at: 0.5"

8.  SAFETY AND SECURITY.  OPERATOR shall be responsible for control of its employees and students and their vehicles inside and outside of the Airport's security fence and shall be required to ensure safety at its location.  OPERATOR shall at its sole expense maintain the structural integrity of all temporary operational interior fence boundaries for the purpose of security, safety, and operational containment.

9.  COMPLIANCE WITH LEASE AGREEMENTS.  OPERATOR entered into the Sublease Agreement and is bound by the terms, covenants, conditions, and agreements to be kept, performed and observed by OPERATOR as set forth in the Sublease Agreement, as subsequently amended.

10. NON-EXCLUSIVITY.  Nothing contained herein shall be construed as permission to conduct any commercial activity or venture exclusive of other operators.

11. ~~RIGHT TO CURE.  Notwithstanding anything in this Operating~~TERMINATION.  This Agreement~~, Operator will not~~ may be ~~in violation under~~terminated by the COUNTY if there is a material breach of this ~~Operating~~ Agreement~~, the Sublease Agreement or the Primary Agreement unless and until Operator fails to cure said violation~~ which is not cured within thirty (30) days ~~of~~after the receipt of written notice ~~from County.   In~~of the ~~event of an uncured violation.~~breach.  Upon the ~~County in its sole discretion may assess Operator as liquidated damages~~ giving of written notice and the ~~sum of Five Hundred Dollars ($500.00)~~

3

Packet Pg. 382

~~per violation.~~ failure to cure, this Agreement shall be terminated automatically at the end of the cure period.

IN WITNESS, the parties hereto have executed these presents as of the day and year first written above.

**Formatted:** Indent: First line: 0.5"

**BOARD OF COUNTY COMMISSIONERS**
**OKALOOSA COUNTY, FLORIDA**

BOYLES

~~CHARLES   K.   WINDES,   JR~~NATHAN   D.

CHAIRMAN

ATTESTS:

JD PEACOCK II
INTERIM CLERK
OKALOOSA COUNTY, FLORIDA

**VERTOL SYSTEMS COMPANY, INC.**
**and the Vertol related entities**

JAMES MONTGOMERIE

WITNESSED:

SIGNATURE

PRINTED NAME

SIGNATURE

4

Packet Pg. 383

PRINTED NAME

## ACKNOWLEDGMENTS

STATE OF FLORIDA
COUNTY OF OKALOOSA

Before me, the undersigned officer duly authorized to take acknowledgments in the COUNTY and STATE aforesaid, personally appeared JAMES MONTGOMERIE who, under oath, deposes and says that HE is a duly authorized representative of VERTOL SYSTEMS COMPANY, INC., and the Vertol related entities to execute contracts and lease agreements and that HE executed the foregoing instrument for the uses and purposes contained therein.

SWORN and SUBSCRIBED before this _____ day of _____, ~~2014~~2015.

_____
NOTARY PUBLIC

My Commission expires: _____

5

## Background Summary - Destin Executive Airport (DTS) FBO Issues

Over the last year after discovering that Regal Air FBO (the successor of the Miracle Strip FBO through a negotiated and Board approved lease assignment in July 2013, in exchange for assumption of and structured repayment of delinquent debt) at Destin Executive Airport had been sold to and was being operated by Destin Jet FBO (the competing FBO on Airport), the Department of Airports and the County Attorney have been negotiating amendments to the current lease agreements with Destin Jet and Regal Air Destin to enable them to operate as a single FBO under common ownership and branding based on the following negotiated terms:

Concerns regarding compliance with the grant assurances specifically as it relates to: (1) potential for abdication of "rights and powers" of the County authority to be involved before the sale / acquisition; (2) economic non-discrimination by allowing the after the fact acquisition preventing other qualified FBO operators into the market through a RFP; and (3) creating a perceived exclusivity limiting competition were all raised to the FAA, however in each instance the FAA determined that this is a lease administration issue and that the acquisition of a competing FBO, even if it results in a single FBO provider – a prevalent practice, does not in itself constitute as violation of grant assurances. A review of FBO performance statewide over the economic recession is a story of declining revenues from traditional FBO services including aircraft sales, maintenance, flight-training and ground handling of itinerant and local general aviation airplanes verified our concerns regarding the viability of sustaining two FBOs at the Destin Executive Airport which have become largely dependent on declining fuel sales.

A recommendation to default Regal Air and RFP to award to an experienced FBO operator was deemed a costly and uncertain endeavor given the current climate with a twice failed FBO dispensing far less fuel than the 1.5 to 2 million gallons of fuel sales needed to attract national chains and practically unrealistic for a qualified bidder, even a national chain, has to start out a half million dollars in the red by assuming the indebtedness of the failed predecessors. The fact that less fuel sold translates to a loss of airport revenue to the County, because the FBOs pay a fuel flowage fee per gallon of fuel dispensed, as well a percentage of gross for other revenue sources which are not likely to grow in the near to intermediate term and because the persistent downturn and uncertainly of the general aviation sector which has forced so many airplanes owners out of the market, prompted the Department to pursue a negotiated settlement instead of risking protracted, costly  and uncertain litigation, as Destin Jet is already engaged in operating Regal Air Destin and already committed roughly half a million dollars in assumed debt.

Following protracted negotiations, the Department of Airports staff agreed to recommend to the Board that it authorize Destin Jet and Regal Air to operate under common ownership and brand with the following conditions:

    a. Destin Jet and Regal Air agree to increase their fuel flowage to $.075 cents per gallon, from the current $0.05 and $0.06 per gallon respectively.

    b. Regal Air agrees to pay $50,000 towards the balance owed to the County for the assumption of Miracle Strip Aviation's past indebtedness with the remaining balance to be paid over a 24 month period, rather than a sixty (60) month period as originally agreed to by Regal Capital, LLC. And approved by the Board in the lease assumption negotiations and approval of July 2013.

    c. Regal Air agrees to remove all "Regal Air" signage and operate the two distinct FBO locations as a single Destin Jet FBO brand.

Additionally, Department staff agreed to recommend to the Board that it extend the Destin Jet lease from February 24, 2044 to April 14, 2049. This was deemed fair, as the language in the lease allowed for a 20 year lease and a 20 year extension which was to begin from the "Date of Beneficial Occupancy" which actually occurred from April 15, 2009 and ending April 14, 2049 not from the lease effective date is February 26, 2004 with expiration on February 26, 2044. This action will correct an unintended error in the length of the original agreement.

Furthermore, in an effort to resolve ongoing community compatibility noise issues related to Vertol's military transport helicopter maintenance and flight training operations, Vertol's compliance with existing leases/sub-leases agreements; and compliance with the County's Ordinance that requires an operating agreement with Vertol System Company, Inc., and Vertol Related Entities for operating a commercial business at Okaloosa County Airports (DTS and CEW), a requirement they have done without since 2004, the Department of Airports negotiated to leverage concessions from Vertol Systems through Destin Jet because of their business relationship involving Vertol Systems' role as the aircraft maintenance provider for the Destin Jet and Regal Air Fixed Base Operators (FBOs). Last October, Destin Jet negotiated the following concessions on behalf of Vertol as follows:

Vertol agrees to enter into an operating agreement with the County for its operations at the Destin Executive and Bob Sikes Airports, which shall include an annual operational fee not to exceed $2,000 per year.

  a.  Vertol agrees that there will be no rotorcraft or rotary-wing (helicopter) operations (engine running) on the Destin Jet's north leasehold ramp between the hours of 10:30 p.m. and 8:00 a.m., 7 days per week.

  b.  The County agrees to construct a helicopter engine run-up pad at the south end of the taxi way within two (2) years of such relocation.

Subsequently, last December the Department of Airports learned from Destin Jet, that due to the additional operational restrictions being imposed and the inefficiencies to its business from having located in the Destin Jet apron and having to operate from the South Ramp, Vertol is not willing to execute the Operating Agreement negotiated on its behest and behalf by Destin Jet. The County is currently at a legal standoff with Vertol regarding the required operating agreement.

Earlier this month, Destin Jet forwarded the revised leases and notified the Department of Airports that it is no longer allowed to negotiate for Vertol and wants to move forward with seeking Board approval for the leases as attached.

It is recommends that  the County move forward by treating these negotiations separately, as any leverage that may have existed to compel Destin Jet to get Vertol to cooperate has been severed, and further delaying or denying Destin Jet's request to amend the Destin Jet and Regal Air leases will inevitable result at best, in maintaining the status quo with airport consumers being misled in believing there are competing FBO businesses at Destin Executive Airport and the County loosing fuel flowage and debt revenues and at worst in a long, protracted and uncertain court battle.