| | |
|---|---|
| **From:** | Mike Stenson |
| **To:** | rebecca.henry@faa.gov |
| **Cc:** | Bill.Farris@faa.gov; Sunil Harman; Tracy Stage |
| **Subject:** | Destin Airport (DTS) FBO"s |
| **Date:** | Tuesday, August 26, 2014 12:01:10 PM |
| **Attachments:** | MEMO from Kaplan Kirsch Rockwell - EXHIBIT A.PDF |
| | Harman Letter - 8-25-14.pdf |
| | Sunil Harman letter - 4-8-14.pdf |
| | NWFVPS@co.okaloosa.fl.us_20140328_101107.pdf |

Good afternoon Rebecca,

We need your opinion to help us make a determination whether to allow Destin Jet to operate the two FBO's at DTS.  Please see below the emails from the spring of last year and the sequence of events that have recently transpired.

- The owners of Miracle Strip Aviation sold its shares to Mr. John Simmons.  The Board approved an amended and restated lease to the new owner of Miracle Strip Aviation on March 19, 2013.

- In April 2013, Mr. Jay Odom, owner of Destin Jet contacted us and inquired about entering into a management agreement to run Miracle Strip Aviation.  Your office advised against allowing this as "the sponsor may be ceding their Rights and Powers, a violation of Grant Assurance 5.  Further, they are opening themselves up to a future complaint of allowing an exclusive right, a violation of Grant Assurance 23."

- On June 6, 2013, The Board approved Assignment of Lease to Regal Capital renaming the FBO.

- On Feb 25, 2014 Staff met with Jay Odom who advised us that the company of which he has 1/3 ownership called Sterling Diversified, LLC had purchased Regal Capital on December 31, 2013.

- Staff advised Mr. Odom that we would like to have a single lease, but have 2 separate terms for the two FBO locations.  We would honor the original term for Destin Jet, but would like a 10 year term for the Regal FBO.

- After several requests to meet with Mr. Odom, we received the attached letters from him and his attorney on August 25, 2014.

I have also attached letters received from both John Simmons and Jay Odom replying to a letter we sent to them requesting full disclosure.

We are meeting with County attorneys later today to discuss.

Thank you for your assistance on this matter.

Mike

Michael J. Stenson
Deputy Director
Okaloosa County Airports
(850) 651-7160 Ext. 4
www.FlyVPS.com
SignatureLogos1 (2).jpg

**From:** Rebecca.Henry@faa.gov [mailto:Rebecca.Henry@faa.gov]
**Sent:** Monday, April 08, 2013 1:25 PM
**To:** Mike Stenson
**Cc:** Bill.Farris@faa.gov
**Subject:** Re: FW: MSA Lease

Mike,

Below are a few comments on the MSA lease in relation to the proposal to have Destin Jet manage the facility.

Rebecca Henry
Orlando Airports District Office


"Whereas, [Miracle Strip Aviation, Inc.] desires to lease land and facilities on the Airport to conduct air transportation services pursuant to the terms of this Agreement, See Exhibits A-1, A-2, & A-3 leased premises" - However MSA is now saying it wants Destin Jet Center to do this.  It's not really consistent with the lease they agreed to.

"Whereas, this Agreement is in the best interests of the County to encourage air transportation services at the Airport" - If Destin Jet Center is operating MSA, does the County still feel this applies?

Article III
"The County hereby grants [Miracle Strip Aviation, Inc.] the exclusive right to the Leased Premises, and all of the improvements located thereon, to conduct on a non-exclusive basis, commercial aeronautical services/activities described as a Full Service Fixed Base Operation..."  So if Destin Jet Center is conducting the commercial aeronautical services/activities, are they doing so on an exclusive basis since they are only competing against their other location?

"Operator shall not use, nor permit other to use, the Leased Premises, and any improvements thereon, for any commercial or noncommercial purpose, other than the authorized purposes set forth above, nor shall Operator use the Leased Premises to store...."  It really sounds like this arrangement would violate the existing lease agreement.  At the very least, the County should insist on a new lease agreement (if that's even in the County's best interests now).

If MSA enters into an operating agreement with Destin Jet Center, it could violate the lease agreement under Article XXIII(2).  As a remedy, it looks like the County has the option to terminate the agreement.  The County has a lot of options under paragraph 4 on page 25.

Article XXXIII is a nice subordination clause.

Article XXXIV prohibits MSA from assigning "its rights, title, and interest herein nor allow effectuate a 'change in control' of Operator's entity without the prior payment of an assignment fee of $1,000.00 and the prior written consent of the County, said consent not to be unreasonably denied or delayed."  This provisions includes a definition for "change of control" which means any transfer in control of MSA's entity structure, whether by action of MSA or by operation of law.  Without limiting the generality of the foregoing for the purposes of this Agreement, the transfer of 40% or more of MSA's stock as a corporation during any 12-month period will constitute change in control.  "Any transfer of control not so approved by the County shall be a violation of the covenants for Article XXIV enabling County to exercise any and all rights of County pursuant to Article XXIII."  MSA could try to argue that entering into an operating agreement with Destine Jet Center doesn't trigger a "change in control" if no stock is exchanged, but the first part of the definition is pretty broad, and think the County could press to re-negotiate the lease at the very least.

Article XXXV prohibits subleasing without the County's consent.

| | | |
|---|---|---|
| From: | Mike Stenson <mstenson@co.okaloosa.fl.us> | |
| | ASO-ORL-ADO, Orlando, FL | |
| To: | Rebecca Henry/ASO/FAA@FAA, | |
| Cc: | Bill Farris/ASO/FAA@FAA | |
| Date: | 04/05/2013 03:32 PM | |
| Subject: | FW: MSA Lease | |

**From:** Rebecca.Henry@faa.gov [mailto:Rebecca.Henry@faa.gov]
**Sent:** Monday, April 08, 2013 7:44 AM
**To:** Mike Stenson
**Cc:** Bill.Farris@faa.gov
**Subject:** Re: FW: Destin FBO

Mike,

Thank you for contacting us about this matter.  After reviewing the information provided below, as well as the new lease with MSA, we would advise against allowing MSA to have a management agreement with Destin Jet.  By allowing this management agreement, the sponsor may be ceding their Rights and Powers, a violation of Grant Assurance 5.  Further, they are opening themselves up to a future complaint of allowing an exclusive right, a violation of Grant Assurance 23.

It appears the sponsor allowed the reassignment of the old MSA lease to Regal to promote competition.  Had the sponsor known the new MSA owners intended to engage Destin Jet to operate the facility, the sponsor could have put out an RFP for the MSA leasehold and not allowed the lease reassignment.  The sponsor could have excluded Destin Jet from responding from this RFP, as stated in the airport compliance manual (p. 8-7). This decision would have promoted competition at the airport, which we believe was the intention of the sponsor.  The sponsor further encouraged competition by allowing for favorable terms for the new MSA owners to repay back rent MSA owed.  The sponsor may not have allowed such favorable terms had they thought MSA did not intend to increase competition at the airport.  It also should be noted it appears Destin Airport does not have enough land to allow for another FBO to come on the field.  If the sponsor allows Destin Jet to manage both FBO leaseholds, it does appear they may be allowing an exclusive right to Destin Jet.

In summary, if the new owners of MSA indeed wanted to have a viable business and compete with Destin Jet, why would they ask Destin Jet to manage their facility?  The sponsor would be wise to not allow for the management agreement with Destin Jet, as it does appear to allow for an FBO monopoly at Destin Airport.

I trust this information is helpful,

Rebecca Henry
Orlando Airports District Office

```
[attachment "MX-3111U_20130405_140817.pdf" deleted by Rebecca Henry/ASO/FAA]
```