

_____
From: Deandra.Brooks@faa.gov [Deandra.Brooks@faa.gov]
Sent: Thursday, September 11, 2014 11:55 AM
To: Mike Stenson; Bill.Farris@faa.gov
Cc: Juan.Brown@faa.gov; Bart.Vernace@FAA.GOV; Greg Stewart; Lynn Hoshihara; Sunil Harman; Tracy Stage
Subject: RE: Questions to FAA on DTS FDO Issues

Mike-

During our conversation yesterday, I believe I explained that the role of the FAA is to enforce contractual federal obligations that the County accepted when receiving federal grants and conveyances of surplus property.

I have not reviewed the lease documents to which you refer.  Therefore, I can only provide general information about the nature and applicability of the federal compliance obligations.

I am unclear as to how permitting one aeronautical service provider to acquire interest in a competing aeronautical service provider might cede a sponsor's rights and powers in violation of Grant Assurance 5, Preserving Rights and Powers.  During our conversation, I recommended that you review the lease agreement with your attorney to determine if the lessee's actions constituted a breach under the terms of the lease.  The FAA does not enforce leases between airport sponsors and their tenants.  The FAA does not approve, endorse, or become a party to tenant leases.

Grant Assurance 22, Economic Nondiscrimination, obligates the County to make its aeronautical facilities available to aeronautical users on reasonable terms and without unjust discrimination.  The term "unjust discrimination" is not defined in statute, but the FAA interprets it to require a showing that a party similarly situated to another is being or has been treated preferentially.

FAA Order 5190.6B, FAA Airport Compliance Manual, in paragraph 8.2, defines an exclusive right as "a power, privilege, or other right excluding or debarring another from enjoying or exercising a like power, privilege or right.  An exclusive right may be conferred either by express agreement, by imposition of unreasonable standards or requirements or by another means.  Such a right conferred on one or more parties, but excluding others from enjoying or exercising a similar right or right, would be an exclusive right."

In addition, paragraph 8.6 of the Order states:

Where the sponsor has not entered into an express agreement, commitment, understanding, or an apparent intent to exclude other reasonably qualified enterprises, the FAA does not consider the presence of only one provider engaged in an aeronautical activity as a violation of the exclusive rights prohibition.  The FAA will consider the sponsor's willingness to make the airport available to additional reasonably qualified providers.  (See paragraph 8.9.b of this chapter.)

FAA Advisory Circular 150/5190-B, Exclusive Rights at Federally-Obligated Airports, provides guidance on how an airport sponsor can comply with Grant Assurance 23, Exclusive Rights.
http://www.faa.gov/documentLibrary/media/advisory_circular/150-5190-6/150_5190_6.pdf

The FAA recommends airport sponsors subordinate leases and agreements to their federal obligations.

If Okaloosa County requires a legal opinion, I recommend you contact our Office of General Counsel at (404) 305-5200 to request one.

Deandra Brooks
Airport Compliance Specialist
404-305-6739

From: Mike Stenson [mailto:mstenson@co.okaloosa.fl.us]
Sent: Thursday, September 11, 2014 9:57 AM
To: Farris, Bill (FAA); Brooks, Deandra (FAA)
Cc: Brown, Juan (FAA); Vernace, Bart (FAA); Greg Stewart; Lynn Hoshihara; Sunil Harman; Tracy Stage
Subject: Questions to FAA on DTS FDO Issues

Good Morning Deandra and Bill,

This is a follow-up to our telephone conference I had with each of you yesterday in which the FAA stated that it was not inclined to issue a determination on the legal opinion and would only respond to specific questions from the airport sponsor, please respond to the following questions in writing:


1.    As DestinJet acquired ownership in competing FBO Regal Air, without the consent or approval of the Board of County Commissioners, would the Sponsor be in violation of Grant Assurance 5,  Preserving Rights and Powers if it allowed DestinJet's acquisition to continue without taking any action…..to including defaulting Regal Air, demanding payment of outstanding debt, competitively bidding for new operator or assuming county operation of the facility?


Note Previous guidance as follows: Put simply, an airport sponsor is prohibited from taking any action which could preclude it from complying with its grant obligations. For example, an airport sponsor may not enter into a management agreement which would result in exclusive use or discrimination at the airport. Airport sponsors are strongly encouraged to use strong subordination clauses to ensure their ability to comply with Grant Assurance 5.



2.    If the Board allows DestinJet to operate Regal Air, would the Sponsor be in violation of Grant Assurance, Exclusive Rights?

Note: Which provides, in pertinent part, that the sponsor of a federally obligated airport: "...will permit no exclusive right for the use of the airport by any persons providing, or intending to provide, aeronautical services to the public..."

3.  Would committing the only alternate FBO facility to a single operator for a term of 20 years be a violation of grant assurance 23?

Thank you and I would appreciate having written responses by September 19, 2014, if at all possible.

Mike


Michael J. Stenson
Deputy Director
Okaloosa County Airports
(850) 651-7160 Ext. 4
www.FlyVPS.com
[cid:image001.jpg@01CFCDAC.9F3E1A30]


Good Morning Bill,

This is a follow-up to our telephone conference yesterday with FAA's Regional Compliance Specialist Ms. Deandra Brooks in which FAA stated that it was not inclined to issue a determination on the legal opinion and would only respond to specific questions from the airport sponsor, please respond to the following questions in writing:


4.  As DestinJet acquired ownership in competing FBO Regal Air, without the consent or approval of the Board of County Commissioners, would the Sponsor be in violation of Grant Assurance 5, Preserving Rights and Powers if it allowed DestinJet's acquisition to continue without taking any action…..to including defaulting Regal Air, demanding payment of outstanding debt, competitively bidding for new operator or assuming county operation of the facility?


Note Previous guidance as follows: Put simply, an airport sponsor is prohibited from taking any action which could preclude it from complying with its grant obligations. For example, an airport sponsor may not enter into a management agreement which would result in exclusive use or discrimination at the airport. Airport sponsors are strongly encouraged to use strong subordination clauses to ensure their ability to comply with Grant Assurance 5.

5.  If the Board allows DestinJet to operate Regal Air, would the Sponsor be in violation of Grant Assurance Grant Assurance 23, Exclusive Rights?

Note: Which provides, in pertinent part, that the sponsor of a federally obligated airport: "...will permit no exclusive right for the use of the airport by any persons providing, or intending to provide, aeronautical services to the public..."

Would appreciate having written responses by September 19, 2014.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.