UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA
and THE STATE OF FLORIDA,
*ex rel.* ROBERT V. SMITH,

   *Qui Tam* Plaintiff,

v.                          CASE NO.: 3:20-cv-03678/MCR/ZCB

JAY A. ODOM; OKALOOSA
COUNTY, BOARD OF COUNTY
COMMISSIONERS,

   Defendants.
_____

**PLAINTIFFS' OPPOSITION TO DEFENDANT, JAY ODOM'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**
_____

Plaintiffs, United States of America and the State of Florida, *ex rel*. Robert V. Smith ("Relator"), by and through undersigned counsel, files this Opposition to Defendant, Jay Odom's ("Odom") Request for Judicial Notice in Support of Motion to Dismiss (the "Opposition"). In support of his Opposition, Relator states:

### ARGUMENT

Odom seeks judicial notice of 11 documents pursuant to Federal Rule of Evidence 201, which provides:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

A district court may consider an extrinsic document on Rule 12(b)(6) review "if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged[,]" *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015). *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018) ("Under the doctrine of incorporation by reference, the Court may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity.").

Relator objects to Exhibit B, FAA Order 5190.6B, Airport Compliance Manual ("FAA Compliance Manual"), because it is incomplete. Relator seeks judicial notice of additional sections of the Compliance Manual. Fed. R. Evid. 106. Moreover, the FAA Compliance Manual was revised on November 21, 2021. This case spans a time period both before and after November 21, 2021. In that regard, the version of the FAA Compliance Manual prior to November 12, 2021 also is relevant to this action. Relator seeks Judicial Notice of additional sections of the revised and earlier versions of the FAA Compliance Manual since both are relevant to this case.[1]

---

[1] Relator is filing a separate Request for Judicial Notice and will attach copies of relevant sections of both versions of the FAA Compliance Manual.

Relator also objects to the authenticity of Exhibits D, E, F, G, H, I, K. These documents, which are not certified or accompanied by a custodial statement, appear to be state public records, but it is unclear if the documents are complete, authenticate copies. These documents require authentication and are not considered self-authenticating as submitted. *See* Fed. R. Evid. 901 (requiring evidence that the public record is from the office where items of this kind are kept to satisfy authenticating or identifying public records); Fed. R. Evid. 902 (document is self-authenticating if it is a "copy of an official record — or a copy of a document that was recorded or filed in a public office as authorized by law — if the copy is certified as correct); Advisory. Cmt. to Fed. R. Evid. 901 ("Public records are regularly authenticated by proof of custody, without more. McCormick §191; 7 Wigmore §§2158, 2159."). Odom has not proffered certified copies or other evidence to establish proof of custody, completeness, or authenticity of these documents.

Moreover, it appears that Odom seeks to judicially notice documents for an improper purpose regarding his argument on the public disclosure bar. For analysis of public disclosure under the False Claims Act ("FCA"), however, the court may only consider information from the enumerated sources listed in the FCA. 31 U.S.C. §3730(e)(4)(A). As discussed in Relator's Opposition to Defendants' Motion to Dismiss, the FCA was amended in 2010. The 2010 amendments narrowed the class of disclosures that trigger the public disclosure bar and radically changed the

"hurdle" for relators. *United States ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc.,* 841 F.3d 927, 932 n.1 (11th Cir. 2016); *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 298 (3d Cir. 2016).

The amended FCA limits consideration of what allegations may constitute public disclosure to only those made in specific enumerated sources. Allegations are considered publicly disclosed only if made "in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party; in a congressional, Government Accountability Office, or other Federal report, hearing, audit or investigation; or from the news media." 31 U.S.C.A. §3730(e)(4)(A). Thus, when analyzing whether the public disclosure bar applies, consideration of judicially noticed facts or documents from sources outside the enumerated categories of sources set out in the FCA is improper.

In their Motion to Dismiss, Defendants stray from this statutory mandate and rely on information outside the statutorily enumerated sources to try to establish public disclosure. In particular, Odom's reliance on "public records pursuant to Florida public records laws" in considering public disclosure under the FCA is improper. The 2010 amendments restricted public disclosure to allegations from "federal reports" not state public records requests. Thus, it is improper to consider state public records when analyzing the public disclosure bar under the FCA.

Odom also requests judicial notice of two (2) emails, Exhibits E and F, between the FAA and Okaloosa County. To the extent Odom seeks judicial notice of these emails to argue public disclosure, "the public disclosure bar applies only where there has been a disclosure *outside* of the government." *United States ex rel. Ortiz v. Mount Sinai Hosp.*, 256 F. Supp. 3d 443, 454 (S.D.N.Y. 2017); *United States ex rel. Chiba v. Guntersville Breathables, Inc*., 421 F. Supp. 3d 1241, 1260 (N.D. Ala. 2019). Moreover, as noted in its objection above, Exhibits E and F appear to be unauthenticated public records.

Relator does not object to judicial notice of Exhibits A, C, and J.

WHEREFORE, for the foregoing reasons, Plaintiff, Robert Smith respectfully requests that this Court deny Odom's Motion for Disqualification.

Respectfully submitted this 28th day of November 2022.

> */s/ Elizabeth C. Billhimer*
> **ELIZABETH C. BILLHIMER**
> Florida Bar No. 0121986
> CLARK PARTINGTON
> 4100 Legendary Drive, Ste. 200.
> Destin, Florida 32541
> (850) 650-3304 telephone
> (850) 650-3305 facsimile
> ebillhimer@clarkpartington.com
> fkendall@clarkpartington.com
> bgilman@clarkpartington.com
> *Attorney for Robert V. Smith*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by electronic mail via the Court's transmission of the Notice of Electronic Filing to the following, this 28th day of November 2022:

A. BENJAMIN GORDON, III
Anchors Gordon, P.A.
2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, FL 32547
bgordon@anchorsgordon.com
aizzo@anchorsgordon.com
cyndi@anchorsgordon.com
mary@anchorsgordon.com

SARAH WILBANKS
NATHANIEL H. HUNT
PETER J. KIRSCH
Kaplan Kirsch & Rockwell LLP
1675 Broadway, Suite 2300
Denver, CO 80202
swilbanks@kaplankirsch.com
nhunt@kaplankirsch.com
pkirsch@kaplankirsch.com
**COUNSEL FOR DEFENDANT**
**JAY A. ODOM**

GREGORY T. STEWART
LYNN M. HOSHIHARA
KERRY A. PARSONS
Nabors, Giblin & Nickerson, P.A.
1500 Mahan Drive, Suite 200
Tallahassee, Florida 32308
(850) 224-4070
(850) 224-4073 Facsimile
gstewart@ngnlaw.com
lhoshihara@ngnlaw.com
kparsons@ngnlaw.com

legal-admin@ngnlaw.com
**COUNSEL FOR DEFENDANT**
**OKALOOSA COUNTY, BOARD OF COUNTY COMMISSIONERS**

DAVID M. SOBOTKIN
Trial Attorney
U.S. Department of Justice
Civil Division, Fraud Section
Post Office Box 261
Ben Franklin Station
Washington, D.C. 20044
(202) 353-1291
David.m.sobotkin@usdoj.gov
**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**And by regular U.S. mail to the State of Florida**
ASHLEY MOODY, ATTORNEY GENERAL
Office of the Attorney General
State of Florida
PL-01 The Capitol
Tallahassee, FL  32399-1050

And

JIMMY PATRONIS, Chief Financial Officer
Florida Department of Financial Services
200 East Gaines Street
Tallahassee, FL  32399

*/s/ Elizabeth C. Billhimer*
**ELIZABETH C. BILLHIMER**