UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA
and THE STATE OF FLORIDA,
*ex rel.* ROBERT V. SMITH,

   *Qui Tam* Plaintiff,

v.                          CASE NO.: 3:20-cv-03678/MCR/ZCB

JAY A. ODOM; OKALOOSA
COUNTY, BOARD OF COUNTY
COMMISSIONERS,

   Defendants.
_____

**PLAINTIFFS' OPPOSITION TO DEFENDANT, JAY ODOM'S MOTION FOR LEAVE TO FILE REPLY MEMORANDUM TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
_____

    Plaintiffs, United States of America and the State of Florida, *ex rel*. Robert V. Smith ("Relator"), by and through undersigned counsel, files this Opposition to Defendant, Jay Odom's ("Odom") Motion For Leave to File Reply Memorandum to Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Odom's Motion for Leave"). In support of his Opposition, Relator states:

    Pursuant to Local Rule 7.1(I) "[a] party ordinarily may not file a reply memorandum in support of a motion." Rather, a Court may grant leave to file a

reply memorandum in support of a motion only "in extraordinary circumstances." Reply briefs in this district are generally disfavored. No extraordinary circumstances exist to warrant a reply.

Odom does not explain how his need for a reply constitutes "extraordinary circumstances." Tellingly, Odom does not even use the words "extraordinary circumstances" when explaining the basis for seeking to file a reply. *See Powell v. S.-Owners Ins. Co.,* No. 3:17CV749/MCR/CJK, 2018 WL 7348023, at *3 (N.D. Fla. May 22, 2018) ("Plaintiff has failed to show that 'extraordinary circumstances' warrant the filing of a reply memorandum.").

Here, Odom seeks a second bite at the apple to raise issues that should have been raised in his Motion to Dismiss or to improperly expound on arguments already raised in Odom's Motion to Dismiss. In other words, there are no "extraordinary circumstances" that warrant a reply. Relator will be prejudiced if the Court allows a reply.

Moreover, it appears that Odom is using his Motion for Leave to File a Reply as an improper short cut to make arguments without regard to whether leave will be granted to file a Reply. The Court should not consider the proposed basis for the Reply as set out in the Motion for Leave, because those issues were already addressed or should have been addressed on filing the Motion to Dismiss. For example,

- On the issue of whether the State of Florida was a party to the earlier Complaint, Odom was aware before filing his Motion to Dismiss that the State of Florida was not a "party" to the earlier Complaint. Indeed, the State of Florida was not named in the "Parties" section of the earlier Complaint and was not served with Summons and the earlier Complaint. Thus, under Supreme Court precedent, the State of Florida was not a "party" to the earlier Complaint.

- On the issue of the importance and evidence of news media, the Court without a reply is capable of discerning applicable law related to news media under the 2010 amendments of the False Claims Act.

- On the issue of disclosure of allegations to the press, there was no admission that Smith previously disclosed his allegations to the press prior to notice to the Government.

- On the issue of independent knowledge, Smith specifically addressed his independent knowledge that "materially adds" to the public disclosure.

- On the issue of pleading with requisite particularity, this issue was raised in Odom's Motion to Dismiss and specifically addressed in Smith's Opposition. Odom now seeks to re-hash the same arguments in his proposed reply.

- On the issue of applying the former version of the False Claims Act, an analysis of the law cited in the Motion to Dismiss reflects that Odom improperly relied on the former versions of the False Claims Act.

Moreover, Odom's Motion to Dismiss was brought pursuant to Rule 12(b)(6). Odom's effort to analogize his Motion to Dismiss to a motion for summary judgment in order to try to secure a reply brief under Local Rule 7.1(I) is improper. Odom did not bring his Motion to Dismiss pursuant to Local Rule 56.1(D), which would allow a party to file a reply memorandum.

Odom's position that the Court is required to look outside the pleadings and review additional evidence to make its ruling misconstrues the Court's ability to consider evidence outside the pleadings on a motion to dismiss. For purposes of Rule 12(b)(6) review, a court generally may not look beyond the pleadings. *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) citing *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1266 n. 11 (11th Cir.1997). "We have explained, however, that a district court may consider an extrinsic document even on Rule 12(b)(6) review if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Id*. citing *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir.2010); *see also Hi-Tech Pharms., Inc. v. HBS Int'l Corp.,* 910 F.3d 1186, 1189 (11th Cir. 2018) (internal citations omitted) ("Under the doctrine of incorporation by reference, we may also

consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity."). In addition, a district court may consider judicially noticed documents. *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1278 (11th Cir.1999). Smith addressed in his Opposition to Odom's Request for Judicial Notice information and evidence that was improperly judicially noticed, was not of undisputed authenticity or otherwise not proper for consideration on a motion to dismiss. These authorities make clear that the Court may not consider wholesale any and all information and evidence outside of the pleadings as suggested by Odom.

Finally, Local Rule 7.1(B) requires that before filing a motion raising an issue, an attorney for the moving party must attempt in good faith to resolve the issue through a meaningful conference with an attorney for the adverse party. Odom's Motion admits that counsel did not comply with Local Rule 7.1(B). As a result, the Motion should be denied.

WHEREFORE, for the foregoing reasons, Relator, Robert Smith respectfully requests that this Court deny Odom's Motion for Leave to File a Reply.

Respectfully submitted this 19th day of December 2022.

>/s/ Elizabeth C. Billhimer
**ELIZABETH C. BILLHIMER**
Florida Bar No. 0121986
CLARK PARTINGTON
4100 Legendary Drive, Ste. 200.
Destin, Florida 32541
(850) 650-3304 telephone
(850) 650-3305 facsimile
ebillhimer@clarkpartington.com
fkendall@clarkpartington.com
bgilman@clarkpartington.com
*Attorney for Robert V. Smith*

## CERTIFICATE OF COMPLIANCE AS TO WORD COUNT

I hereby certify that, as required by Local Rule 7.1(F), this Opposition contains 984 words, counted as provided in Local Rule 7.1(F).

>/s/ Elizabeth Billhimer
ELIZABETH BILLHIMER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by electronic mail via the Court's transmission of the Notice of Electronic Filing to the following, this 19th day of December 2022:

A. BENJAMIN GORDON, III
Anchors Gordon, P.A.
2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, FL 32547
bgordon@anchorsgordon.com
aizzo@anchorsgordon.com
cyndi@anchorsgordon.com
mary@anchorsgordon.com

SARAH WILBANKS
NATHANIEL H. HUNT
PETER J. KIRSCH
Kaplan Kirsch & Rockwell LLP
1675 Broadway, Suite 2300
Denver, CO 80202
swilbanks@kaplankirsch.com
nhunt@kaplankirsch.com
pkirsch@kaplankirsch.com
**COUNSEL FOR DEFENDANT
JAY A. ODOM**

GREGORY T. STEWART
LYNN M. HOSHIHARA
KERRY A. PARSONS
Nabors, Giblin & Nickerson, P.A.
1500 Mahan Drive, Suite 200
Tallahassee, Florida 32308
(850) 224-4070
(850) 224-4073 Facsimile
gstewart@ngnlaw.com
lhoshihara@ngnlaw.com
kparsons@ngnlaw.com

legal-admin@ngnlaw.com
**COUNSEL FOR DEFENDANT**
**OKALOOSA COUNTY, BOARD OF COUNTY COMMISSIONERS**

DAVID M. SOBOTKIN
Trial Attorney
U.S. Department of Justice
Civil Division, Fraud Section
Post Office Box 261
Ben Franklin Station
Washington, D.C. 20044
(202) 353-1291
David.m.sobotkin@usdoj.gov
**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**And by regular U.S. mail to the State of Florida**
ASHLEY MOODY, ATTORNEY GENERAL
Office of the Attorney General
State of Florida
PL-01 The Capitol
Tallahassee, FL  32399-1050

And

JIMMY PATRONIS, Chief Financial Officer
Florida Department of Financial Services
200 East Gaines Street
Tallahassee, FL  32399


                              */s/ Elizabeth C. Billhimer*
                              **ELIZABETH C. BILLHIMER**