UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA
and THE STATE OF FLORIDA,
*ex rel.* ROBERT V. SMITH,

   *Qui Tam* Plaintiff,

v.                                              CASE NO.: 3:20-cv-03678/MCR/ZCB

JAY A. ODOM; OKALOOSA
COUNTY, BOARD OF COUNTY
COMMISSIONERS,

   Defendants.
_____

**PLAINTIFFS' MOTION TO AMEND THE JUDGMENT**
_____

Plaintiffs, United States of America and the State of Florida, *ex rel*. Robert V. Smith ("Relator"), through undersigned counsel, file this motion to amend the Order dismissing Relator's Complaint pursuant to Fed. R. Civ. P. 59(e) and 60(b), and respectfully shows as follows:

On June 22, 2023, the Court entered an Order dismissing Relator's Complaint (the "Order"). ECF 76. Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." This Motion is timely filed. "The only grounds for granting [a Rule

Page **1** of **16**

59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

"Additionally, under Rule 60(b)(1), a party may seek relief from a final judgment based on mistakes in the application of law." *MacPhee v. MiMedx Grp., Inc.*, No. 22-10633, 2023 WL 4418636, at *19 (11th Cir. July 10, 2023) (citing *Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 839–40 (11th Cir. 1982)). And Rule 60(b)(6) provides that a "court may relieve a party ... from a final judgment ... for any other reason that justifies relief." *Id*.

The Order contains manifest errors of law and fact and mistakes in application of law.

I.  **Application of Public Disclosure Bar**

Relator's Amended Complaint alleges a chronology of various schemes by Odom and the County in violation of the False Claims Act. The schemes involved different parties and occurred at different times. Moreover, each Count in the Amended Complaint is broken down based on the time period and parties involved.

The Order analyzed two news articles in making its ruling on public disclosure. Those two news articles, however, did not contain public disclosure of all of the allegations made by Relator. In particular, there was no public disclosure of the covert takeover of Miracle Strip Aviation by Simmons and Ward, as straw

men for Odom, as alleged in paragraphs 52-53, 101-110, 136-142 of the Amended Complaint.  Rather, the news articles focused only on Odom's acquisition of the competition <u>after</u> the covert takeover by Simmons and Ward.  The March 29, 2014 news article quoted in the Order stated: "Last year, a company associated with Destin Jet owner Jay Odom bought out the competition at Destin Airport."  This reference, however, was not to the earlier, covert take over by Ward and Simmons but only the later corporate purchase of the stock in the entity used by Ward and Simmons.

As alleged in the Amended Complaint, Odom caused false claims to the Government during the period of the Simmons and Ward covert takeover.  The facts underlying those false claims were not disclosed in the news articles or by any other means that would constitute public disclosure as defined under the False Claims Act.  Moreover, there was no public disclosure of later and continuing violations of the False Claims Act as detailed in the Amended Complaint.

Moreover, the news articles do not contain all of the allegations (X and Y) from which readers could infer that a fraud had been committed.  Indeed, the articles discussed grant assurances, but as argued by Defendants, the article noted that the FAA had been informed of some facts regarding the FBOs at DTS and allegedly had "washed their hands" of the issues.  The articles, however, did not reveal the true facts as alleged by Relator – that the FAA was not privy to all of the

relevant facts, had not formally reviewed the potential exclusive rights issues, and had not blessed or sanctioned Odom's (and then another company's) complete control and ownership of both FBOs at DTS that created an illegal monopoly in continuing violations of grant assurances and federal law.

The Order states:

> Odom and the County also argue that the Amended Complaint fails to adequately plead fraud because the FAA had been informed of the circumstances and thus could not have been misled. The Court agrees.

Order at 22.

What the FAA knew is an issue of fact that has yet to be determined. As alleged, the FAA had not been informed of all of the circumstances regarding the FBOs and operations at DTS. As a result, it is plausible that the government could have been misled.

In the recently issued decision, the Eleventh Circuit, in *Palm Beach Cnty. v. Fed. Aviation Adm'r*, 53 F.4th 1318, 1327 (11th Cir. 2022),[1] analyzed the implication of an airport sponsor's reliance on implicit approvals by the FAA in a situation where the FAA was never formally asked to provide an analysis of the factual situation at issue as it related to statutory compliance and grant assurances. Any analysis done by the FAA had been based on incomplete facts. As a result,

---

[1] This case was issued by the Eleventh Circuit on November 18, 2022, shortly before Relator filed its Opposition to the Motion to Dismiss.

the court held that an informal complaint reviewed on incomplete facts did not result in an FAA determination and was not analogous to an FAA approval. The Court went on to emphasis:

> We have seldom, if ever, encountered any other party who has argued that because it has not followed the law for years, it should not be required to do so now.

Id. at 1334.

Here, similar to *Palm Beach Cnty.*, as alleged in the Amended Complaint, the FAA was never asked to formally analyze the circumstances that occurred at DTS regarding the FBOs. As further alleged in the Amended Complaint, the County did not seek a formal opinion from the FAA Office of General Counsel as the FAA had suggested the County do in order to ensure compliance and to obtain a formal approval. Amended Complaint at ¶ 80 ("Okaloosa County never obtained a legal opinion from the FAA Office of General Counsel as recommended by the FAA."). Moreover, the record does not support that the FAA was told that it was going to allow one FBO to consolidate the two existing FBOs into an impermissible monopoly in violation of federal statute.

Defendants cannot now rely on communications and an informal review that were made with less than full disclosure of the facts. Such a partial review is not analogous to an FAA approval made after disclosure of all relevant facts.

Accordingly, the public disclosure bar should not apply.

## II.  Statutory Prohibition on Exclusive Rights

The Order states that the "FAA considers the airport sponsor's willingness to make the airport available to additional reasonably qualified providers, and thus, the FAA makes a discretionary decision in consideration of the circumstances in determining whether an exclusive right was created in violation of federal law." Order at 21.  The Order's conclusion in this regard is based upon a manifest error of law and fact.  This conclusion is based on an erroneous assumption that the County could meet the statutory exception to an exclusive rights prohibition that would allow the FAA to make a "discretionary decision."

As alleged in the Amended Complaint, the FAA does not have discretion to allow a single FBO where, as here, such a situation would create an Exclusive Right as defined by federal statute.  Relator properly alleged that the applicable federal statutes and the specific circumstances at DTS demonstrated that DTS did not meet the exception in the federal statutes that might permit a single FBO.  *See, e.g.*, ECF 71-5 page 21; Amended Complaint ¶¶ 29-40.

The Order cites to 49 U.S.C. § 47107(a)(4)(A)–(B) in finding that an exclusive rights violation was not adequately alleged.  The Order, however, did not consider that an airport sponsor, like the County, is mandated to also comply with

49 U.S.C. § 40103(e).[2]  Relator properly alleged application of this statute, which the FAA Airport Compliance Manual (Order 5190.6B) makes clear that airport sponsors are mandated to comply with to receive federal funds.  ECF 71-5 page 21; Amended Complaint ¶ 29.  Relator also alleged the specific facts regarding the County's non-compliance with this statute.  *See*, *e.g.*, Amended Complaint ¶¶ 29, 30, 32, 33.

> The relevant portion of 49 U.S.C. § 40103 provides:
>
>> (e) No Exclusive Rights at Certain Facilities. — A person does not have an exclusive right to use an air navigation facility on which Government money has been expended. However, providing services at an airport by only one fixed-based operator is not an exclusive right if—
>>
>> (1) it is unreasonably costly, burdensome, or impractical for more than one fixed-based operator to provide the services; **and**
>>
>> (2) allowing more than one fixed-based operator to provide the services requires a reduction in space leased under an agreement existing on September 3, 1982, between the operator and the airport.
>
> 49 U.S.C. § 40103(e) (emphasis added).

---

[2]  Any time federal money is used for grants involving airports, the provisions of 49 U.S.C. § 40103(e) apply.  On the other hand, 49 U.S.C. § 47107 only applies to AIP grants.  The County is subject to both provisions.

The legislative history of subsection (2) indicates that the words "on September 3, 1982" were added for clarity when the statute was amended on July 5, 1994.  (Pub. L. 103-272 § 1(e), July 5, 1994, 108 Stat. 101).  In other words, the reference to the date was meant to act as a grandfather clause with respect to the statute for any leases that were existing on September 3, 1982.

The Amended Complaint properly alleges that DTS had two FBOs that were initially covertly taken over by one of the existing operators and then the County, as airport sponsor, allowed one operator to control and operate both FBOs.  *See* ECF No. 71-3.  As alleged, the County, as airport sponsor, cannot avoid the exclusive rights prohibition because it does not meet the exception available in 49 U.S.C. § 40103.  For that reason, the FAA does not have the ability to make a "discretionary decision" to excuse an exclusive right created in violation of federal laws.

The Supreme Court in *Chevron USA Inc. v. Natural Resources Defense Counsel, Inc.* 467 U.S. 837 (1984) stated:

> When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions.  First, always, is the question whether Congress has directly spoken to the precise question at issue.  If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.

*See also Palm Beach Cnty.*, 53 F.4th at 1334 (quoting *Barton v. U.S. Att'y Gen.*, 904 F.3d 1294, 1298 (11th Cir. 2018) ("And of course, 'if we determine — employing

traditional tools of statutory construction — that Congress has spoken clearly, we do not defer to the agency's interpretation of the statute, because we must give effect to the unambiguously expressed intent of Congress.'").

Here, the statute is clear that the exclusive rights exception does not apply when the relevant lease was created after the date of the statute. Moreover, the exception is not applicable because two FBOs already exist at DTS. *See United States v. Garcon*, 54 F.4th 1274, 1280 (11th Cir. 2022) (quoting *Korman v. HBC Fla., Inc.*, 182 F.3d 1291, 1296 (11th Cir. 1999) ("But we must 'take the provision as Congress wrote it, and neither add words to nor subtract them from it.'")

Therefore, the Amended Complaint properly alleges an improper exclusive right was created and the FAA does not have discretion to determine otherwise.

### III.  Amended Complaint Is Plead With Particularity

The Order states:

"Given the government's consistent decisions over the years to approve the County's grant applications despite the public disclosures and the County's disclosures to the FAA, an FCA claim based on false grant assurances is not adequately stated or alleged with the requisite particularity."

Order at 24.

This finding assumes the County's factual disclosures were accurate and disregards that the County, as alleged in the Amended Complaint, did not make full factual disclosures to the FAA regarding the FBOs at DTS and the County's plan

to allow one FBO operator to control and operate two FBOs as an impermissible monopoly. Moreover, what the Government knew when it made its decisions to approve grant applications is an issue of fact that has yet to be determined.

There are ample allegations in the Amended Complaint that address the County's insufficient disclosures to the FAA regarding its plans and its failure to obtain a formal opinion from the FAA General Counsel's office. *See e.g.* Amended Complaint 64-66. As a result, any approvals by the FAA were based on incomplete facts and false or fraudulent statements.

## IV. Relator's Allegations Are Not "Gossip"

The Order specifically references Relator's allegations as "gossip." It is unclear how Relator's allegations can be considered "gossip" when the standard on a motion to dismiss is to consider all allegations as true.

As alleged, Mr. Smith had internal, behind the gate access to the airport and had relationships developed over the years with the employees and others who worked and used the airport. Thus, he was in a position to gather relevant information related to the false claims made by Odom and the County. As a result, none of the allegations can properly be written off and considered nothing but "gossip," where the allegations must be accepted as true.

Moreover, the recent amendments to the False Claims Act permit consideration of second-hand information.

V.      **Recent FAA Case Relevant to this Action**

The County argued that violations of Grant Assurances were not material and that the FAA would continue to allow funding even in the face of Grant Assurance violations. A recent case decided by the FAA, *Timberview Helicopters, Inc. v. Okaloosa County, Florida*, FAA Docket No. 16-21-14,[3] which notably involves the same airport that is at issue in this case, is contrary to the County's position. A copy of the FAA's decision is attached as Exhibit "A."

In the County's Memorandum of Law submitted in *Timberview,* the County described numerous communications with the FAA resulting in investigations. The County stated: "Further, the County has exercised its authority under Assurance 22(h) to address safety issues, subject to a final determination by the FAA." The County also described "subsequent conference calls" attended by "over a dozen FAA employees."

Notwithstanding, the FAA Director found the County in violation of Grant Assurance 22, even though the County had multiple discussions with the FAA regarding Timberview over several years. In other words, communications with the FAA alone are not enough to avoid a grant assurance violation. Context and content of those communications matter.

---

[3]     This case was only recently decided, after briefing on the motion to dismiss was completed.

Moreover, the FAA's ruling in *Timberview* further demonstrates the materiality of grant assurance violations where the FAA will not approve any grant applications until grant assurance violations are corrected. In particular, the FAA held:

> We find that Okaloosa County, Florida, is in violation of its Federal obligations regarding Grant Assurance 22, Economic Nondiscrimination, as set forth in its airport grant assurances and existing Federal statutes.
> * * * * *
> Pending the FAA's approval of a corrective action plan, this office will recommend to the Director, Office of Airport Planning and Programming (APP-1), to withhold approval of any applications submitted by Okaloosa County for discretionary funding for projects authorized under 49 U.S.C. § 47115.

In sum, grant assurance violations, liked those alleged here, are material. Moreover, informal communications with the FAA, absent a formal determination, will not excuse the creation of an impermissible exclusive right.

## VI. Request to Amend Complaint to Plead Additional Specifics

To comply with Rule 9(b), a complaint must allege "facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." *United States ex rel. Mosley v. Walgreen Co*., No. 18-CV-80200, 2023 2023 WL 4016997, at *2 (S.D. Fla. May 11, 2023) (internal citations omitted).

The Amended Complaint contains details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them. Notwithstanding, in light of the Court's ruling, Relator seeks leave to amend the Complaint to allege additional facts, including additional facts that demonstrate he is an original source.

In particular, Relator can explain the connection with the sources to render the "gossip" label inapplicable and otherwise provide additional detail regarding how he learned of the allegations. Moreover, in some instances, the Order requires Relator to prove that the County did not do something. In that regard, during the pendency of this action, Relator has requested public records in an attempt to prove a negative. If granted leave, Relator will add allegations that demonstrate that the County cannot show that it made full disclosures to the FAA and received the blessing or approval from the FAA to bestow upon one FBO an exclusive right in violation of federal law.

WHEREFORE, Relator, Robert Smith respectfully requests that this Court amend the Order and deny Defendants' Motion to Dismiss or in the alternative, grant Relator leave to amend the Complaint.

Respectfully submitted this 20th day of July 2023.

                                         */s/ Elizabeth C. Billhimer*
                                         **ELIZABETH C. BILLHIMER**
                                         Florida Bar No. 0121986
                                         CLARK PARTINGTON
                                         4100 Legendary Drive, Ste. 200.
                                         Destin, Florida 32541
                                         (850) 650-3304 telephone
                                         (850) 650-3305 facsimile
                                         ebillhimer@clarkpartington.com
                                         fkendall@clarkpartington.com
                                         bgilman@clarkpartington.com
                                         *Attorney for Robert V. Smith*

## CERTIFICATE OF COMPLIANCE AS TO WORD COUNT

I hereby certify that, as required by Local Rule 7.1(F), this Opposition contains 7,947 words, counted as provided in Local Rule 7.1(F).

                                         */s/ Elizabeth Billhimer*
                                         ELIZABETH BILLHIMER

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by electronic mail via the Court's transmission of the Notice of Electronic Filing to the following, this 20th day of July 2023:

A. BENJAMIN GORDON, III
Anchors Gordon, P.A.
2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, FL 32547
bgordon@anchorsgordon.com
aizzo@anchorsgordon.com
cyndi@anchorsgordon.com
mary@anchorsgordon.com

SARAH WILBANKS
NATHANIEL H. HUNT
PETER J. KIRSCH
Kaplan Kirsch & Rockwell LLP
1675 Broadway, Suite 2300
Denver, CO 80202
swilbanks@kaplankirsch.com
nhunt@kaplankirsch.com
pkirsch@kaplankirsch.com
**COUNSEL FOR DEFENDANT JAY A. ODOM**

GREGORY T. STEWART
LYNN M. HOSHIHARA
KERRY A. PARSONS
Nabors, Giblin & Nickerson, P.A.
1500 Mahan Drive, Suite 200
Tallahassee, Florida 32308
(850) 224-4070
(850) 224-4073 Facsimile
gstewart@ngnlaw.com
lhoshihara@ngnlaw.com

kparsons@ngnlaw.com
legal-admin@ngnlaw.com
**COUNSEL FOR DEFENDANT**
**OKALOOSA COUNTY, BOARD OF COUNTY COMMISSIONERS**

DAVID M. SOBOTKIN
Trial Attorney
U.S. Department of Justice
Civil Division, Fraud Section
Post Office Box 261
Ben Franklin Station
Washington, D.C. 20044
(202) 353-1291
David.m.sobotkin@usdoj.gov
**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**And by regular U.S. mail to the State of Florida**
CHRISTOPHER A. KNIGHT
Office of the Attorney General
State of Florida
PL-01 The Capitol
Tallahassee, FL  32399-1050
Christopher.knight@myfloridalegal.com

And

JIMMY PATRONIS, Chief Financial Officer
Florida Department of Financial Services
200 East Gaines Street
Tallahassee, FL  32399


        */s/ Elizabeth C. Billhimer*
        **ELIZABETH C. BILLHIMER**