## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**
**ex rel. ROBERT V SMITH,**

      **Plaintiff,**

**v.**                          **CASE NO. 3:20cv3678-MCR-ZCB**

**JAY A ODOM,**
**OKALOOSA COUNTY BOARD OF**
**COUNTY COMMISSIONERS,**

      **Defendants.**
_____/

### ORDER

Plaintiff/Relator Robert V. Smith filed a *qui tam* suit, alleging that Defendant Jay A. Odom orchestrated a scheme to cause the Defendant Okaloosa County Board of County Commissioners ("County") to make and present false statements to the federal and state governments to induce grant payments for airport improvement projects, in violation of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3730, and the Florida False Claims Act ("Florida FCA"), Fla. Stat. § 68.081, *et seq.*[1] The grant applications required the County as an airport sponsor to make an assurance that no fixed base operator ("FBO") would receive an "exclusive right." Smith claimed in this suit that the County and Odom made or caused false grant assurances

---

[1] The United States and the State of Florida declined to intervene. ECF Nos. 8, 46.

to the government that no exclusive rights were permitted at the Destin Airport in order to obtain the grants, when in fact, Odom—as owner of one FBO—had covertly also gained control of the competing FBO.  According to Smith's Compliant, this effectively created an exclusive right, contrary to the grant assurances that the County continued to make.  Defendants moved to dismiss the Complaint, and in response, Smith filed an Amended Complaint, elaborating on the facts but mirroring the original allegations.  Again, the Defendants moved to dismiss, and Smith responded in opposition but did not request leave to amend.  The Court granted the motion with prejudice, concluding that the claims were barred due to a prior public disclosure and rejecting Smith's claim that he was the original source of that disclosure.  The Court concluded alternatively that the Amended Complaint failed to state a claim or plead fraud with sufficient particularity.

Smith has now filed a timely Motion to Amend the Judgment, ECF No. 77, arguing that the Court made manifest errors of fact and law, *see* Fed. R. Civ. P. 59(e), 60(b)(1), 60(b)(6), and requesting leave to amend the  pleading.  Odom and the County oppose the motion.  ECF Nos. 78, 79.  Having fully reviewed the matter, the Court denies the relief requested.

Rule 59(e) allows the Court to alter or amend a judgment within 28 days after judgment is entered, but only on grounds of "newly-discovered evidence or manifest

errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).  This rule may not be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)); *see also MacPhee v. MiMedx Grp., Inc.*, 73 F.4th 1220, 1250 (11th Cir. 2023).

Rule 60(b)(1) similarly allows a party to seek relief from a final judgment based on a mistake by the parties or the judge in the application of either fact or law. Fed. R. Civ. P. 60(b)(1); *see also Kemp v. United States*, 596 U.S. ___, 142 S. Ct. 1856, 1862–63 (2022); *MacPhee*, 73 F.4th at 1251.  Also, a court may grant relief under Rule 60(b)(6) for "any other reason that justifies relief," but this catchall provision provides an "extraordinary remedy" for "extraordinary circumstances." *Arthur*, 739 F.3d at 628 (internal marks omitted).  The Eleventh Circuit has explained that Rule 60(b)(1) and (b)(6) "are mutually exclusive," so "a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)." *MacPhee*, 73 F.4th at 1251 (quoting *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)).

The decision of whether to grant relief under Rule 59(e) or Rule 60(b) is within the "substantial discretion" of the district court.  *Burger King Corp. v.*

*Ashland Equities, Inc*., 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002); *see also MacPhee*, 73 F.4th at 1251 (reviewing for abuse of discretion).  In either context, "facts or law of a strongly convincing nature" are required to convince a court to reconsider a prior decision, *Burger King*, 181 F. Supp. 2d at 1369, and courts have described only three grounds that suffice: "(1) an intervening change in the controlling law; (2) the discovery of new evidence that was not available when the original motion was decided; or (3) the need to correct clear error or prevent manifest injustice." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc*., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

Smith's motion is based on his disagreement with the Court's conclusion that the covert takeover schemes he alleged in the Amended Complaint were subject to the public disclosure bar, which precludes this FCA suit. He argues that the public disclosure bar does not apply because the news articles did not contain all of the facts he alleged about a covert takeover and because of his status as an original

source.[2]  These arguments were previously made and rejected, and the Court finds

no error of fact or law that would justify revisiting them.[3]

Smith also contends the Court erred in concluding that the Amended

Complaint failed to state a claim and lacked sufficient particularity.  Specifically, he

challenges the Court's conclusion that evidence of a single FBO is not itself evidence

of an exclusive right.  According to Smith, a generally applicable statute, 49 U.S.C.

§ 40103, includes an exclusive rights exception but that exception applies only if the

relevant lease existed on September 3, 1982; so Smith contends that on the facts he

---

[2] Smith also takes issue with a statement in the Order characterizing his allegations of knowledge as an original source as based on "gossip."  He argues that all allegations must be construed as true.  This characterization, however, was not a credibility assessment or a failure to construe the Amended Complaint as true.  Instead, the Court concluded based on Smith's allegations *taken as true* that he had only "behind the gate access" and conversations with unnamed "employees," which Court found insufficient (amounting to no more than gossip) to allege a reliable basis for his asserted prior knowledge of false statements and covert dealings.

[3] Smith also attached to the motion a February 2023 FAA ruling finding a grant assurance violation, ECF No. 77–1, and he cites a "recently issued" Eleventh Circuit opinion, *Palm Beach Cnty. v. Fed. Aviation Adm'r*, 53 F.4th 1318 (11th Cir. 2022).  Each was published before this Court's decision was entered, and a "motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Burger King*, 181 F. Supp. 2d at 1369 (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).  Also, neither the FAA ruling nor the *Palm Beach Cnty.* case would have altered the Court's decision.  Smith cites the FAA ruling to demonstrate that grant assurances are material to the government's decision to provide grant funds, but the Court's order of dismissal did not question the materiality of the grant assurances.  Moreover, the ruling demonstrates that the *FAA* is the entity that decides in the first instance whether a grant assurance violation has occurred.  Smith also argues that the *Palm Beach Cnty.* case indicates the public disclosure bar should not apply here, but that case was a petition for review of an FAA final decision and did not arise under the False Claims Act or involve any discussion of the public disclosure bar.

alleged, the FAA did not have discretion to allow a single FBO at the Destin Airport. The Court finds no manifest error of law. There is no dispute that a statutory exception exists and is articulated in two different provisions. The Court concluded based on a more specific airport improvement grant statute, 49 U.S.C. § 47107, as well as the compliance manual and the facts alleged, that alleging the operation of a single or merged FBO is not sufficient to allege an exclusive right violation. In any event, even assuming error in this conclusion or in the determination that the Amended Complaint lacked sufficient particularity under Rule 9(b), the pleading deficiencies were noted in the alternative to the decision on the public disclosure bar—a conclusion that required dismissal with prejudice and which the Court declines to reconsider. Consequently, there is no basis to revisit the Court's alternative rationale. The Court also declines to grant Smith's request for leave to amend in order to supplement his original source allegations with more specific detail or to demonstrate more particularly how the County allegedly failed to make full disclosures to the FAA. Smith did not include any proposed amended pleading

or make any showing of diligence to explain why the allegations could not have been included earlier. [4]

In sum, no mistake of fact or law, let alone a mistake of a "strongly convincing nature," justifies reconsideration under Rule 59(e) or Rule 60(b)(1). *Burger King*, 181 F. Supp. 2d at 1369. The Court will not reopen the case to allow Smith to relitigate arguments that were raised and rejected before the entry of judgment, *see Michael Linet*, 408 F.3d at 763, or to raise new matters that could have been presented in the first instance before the entry of judgment, *see Arthur,* 500 F.3d at 1343. Additionally, Smith has not shown any "extraordinary circumstances" that would justify relief under Rule 60(b)(6). *See MacPhee*, 73 F.4th at 1251.

Accordingly, Plaintiff Robert V. Smith's Motion to Amend the Judgment, ECF No. 77, is **DENIED**.

**DONE AND ORDERED** this 5th day of October 2023.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court notes also that Smith, who was represented by counsel, did amend his complaint once after it was filed, and he did not request leave to amend when responding to the motion to dismiss the Amended Complaint.